## BURHANS *vs.* SANFORD & BROWN.

An action on the cause of malicious prosecution, is prima facie sustained by proof that the suit complained of as maliciously prosecuted, was voluntarily discontinued ; such proof throws upon the defendant the onus of showing probable cause.

Suffering a judgment of non pros. or as in case of nonsuit, to be entered by the defendant, has not the same effect ; the mere omission to prosecute a suit, does not of itself furnish sufficient ground for the action of malicious prosecution.

Malice may be, and usually is inferred in these actions, from the want of probable cause ; it is not necessary to show that the act complained of, was dictated by angry feeling, or a vindictive motive.

THIS was an action on the cause for a *malicious prosecution,* tried at the Albany circuit in October, 1836, before the Hon. JAMES VANDERPOEL, then one of the circuit judges.

The plaintiff proved that in January, 1830, he was arrested and held to bail on a capias issued out of the mayor's court of the city of Albany, at the suit of the defendants, in an action of slander, without a judge's order to hold to bail. 2 R. S. 348, § 8. Sanford & Brown declared in that action; the defendant pleaded not guilty and gave notice of special matter in justification. In July, 1831, Sanford & Brown voluntarily *discontinued their action,* and paid the costs. A judgment of discontinuance was perfected. On proof of these and some other facts, the plaintiff rested. The defendants moved for a nonsuit on the ground that the plaintiff had neither proved malice nor want of probable cause. The judge decided that there was not sufficient evidence to carry the cause to the jury, and nonsuited the plaintiff. The plaintiff excepted, and now moves for a new trial.

NEW YORK,
May, 1838,

Burhans
v.
Sanford.

*H. Burhans,* in pro. per.

*M. T. Reynolds,* for defendants.

*By the Court,* BRONSON, J.   When this case was before the court on a former occasion, the case stated that the plaintiffs in the action of slander suffered a judgment *as in case of nonsuit* to be taken against them ; and we held that this fact alone did not furnish sufficient evidence of a want of probable cause, to entitle the plaintiff to a verdict.   The mere omission to prosecute an action, by reason of which the defendant obtains a judgment of *non pros.* or *as in case of nonsuit* does not of itself furnish a sufficient foundation for this action.   *Sinclair* v. *Eldred,* 4 Taunt. 7.   See also *Purcell* v. *Macnamara,* 9 East, 361.   But it now appears that the former action was voluntarily discontinued by the plaintiffs.   That was sufficient to change the onus, and throw upon the defendants the necessity of showing probable cause for arrest.   *Nicholson* v. *Coghill,* 6 Dow. & Ry. 12.   *Webb* v. *Hill,* 3 Car.·& Payne, 495. 1 M. & M. 253, S. C.

Malice may be, and usually is inferred in these actions from the want of probable cause.   It is not necessary to show that the act complained of was dictated by angry feeling, or a vindictive motive.   *Jones* v. *Nicholls,* 3 Car. & Payne, 12.   The evidence was sufficient, prima facie, to carry the cause to the jury, and the nonsuit must therefore be set aside.

New trial granted.