MARCUS BROUNSTEIN, RESPONDENT, *v.* DAVID A. SAHLEIN AND OTHERS, APPELLANTS.

65h 365
84 AD⁴ 11

*Malicious prosecution — maintainable for a taking of goods by replevin — an involuntary discontinuance of an action is not evidence of a want of probable cause.*

David A. Sahlein and others, who are the same persons named as defendants in the present action, brought an action in replevin, in December, 1882, against the present plaintiff Marcus Brounstein to recover the possession of certain goods upon the ground of fraud, and took possession by the sheriff of a part of the goods. One of two other actions, brought by other creditors of Brounstein upon a similar theory and state of facts, was subsequently decided in Brounstein's favor. Thereupon Sahlein and the others discontinued their actions under a stipulation which, in terms, permitted Brounstein to enter judgment dismissing the complaint upon the merits, and adjudging that the title to the disputed property was still in him, it having been understood between the attorneys that all the cases should abide the decision in one case.

In 1887 Brounstein brought and subsequently recovered judgment in the present action against Sahlein and others for malicious prosecution, basing it upon the replevin action and the taking of his goods therein.

Upon an appeal by the defendants:

*Held,* that as it appeared that Brounstein's property was interfered with, and his business largely injured by the replevin action, he could maintain an action for malicious prosecution.

That an arrest and holding to bail in the action alleged to be malicious were not indispensably necessary to the maintenance of an action for the recovery of damages for such malicious prosecution.

That, under the circumstances, the discontinuance of the action of Sahlein and others against Brounstein was not a voluntary act upon the part of Sahlein, and that, therefore, it was error for the court to charge that such discontinuance was *prima facie* evidence of a want of probable cause.

APPEAL by the defendants, David A. Sahlein, Leopold Wilczinski and Maurice D. Sahlein, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 14th day of March, 1891, upon a verdict in favor of the plaintiff for $3,000; and also from an order of said court, entered in said clerk's office on the 17th day of March, 1891, denying a motion for a new trial after a trial at the Onondaga Circuit before the court and a jury.

*W. G. Tracy,* for the appellants.

*Louis Marshall,* for the respondent.

MERWIN, J.:

On or about December 4, 1882, the defendants in this action brought an action in replevin against the plaintiff herein to recover the possession of goods to the amount of about one thousand four hundred dollars, which had been, a short time previous, purchased by Brounstein of these defendants or their assignors, Levinson & Co. The purchases by Brounstein were on time that had not expired, and the theory of the replevin action was that the purchases were fraudulent so that the defendants had a right to rescind the sale and recover the property itself. A portion of the property was taken from Brounstein by the sheriff upon the process issued. Two similar actions were previously brought by other creditors against Brounstein. One of the latter was afterwards brought to trial and resulted in a verdict in favor of Brounstein. Thereupon the action of Sahlien against Brounstein was discontinued. Soon after that the present action was brought. The plaintiff claims that the action in replevin was brought without probable cause and from malice, and the verdict of the jury is to that effect.

At the outset the appellants claim that an action for malicious prosecution cannot be maintained for the bringing of a civil action in replevin and the taking of goods therein. No case in this State is cited to sustain the proposition. On the contrary, it was long ago held in *Pangburn* v. *Bull* (1 Wend., 345), that an arrest and holding to bail are not indispensably necessary to the maintenance of an action for a malicious prosecution. In *Bump* v. *Betts* (19 Wend., 421), it is said by NELSON, Ch. J., that the action lies against any person who maliciously and without probable cause prosecutes another, whereby the party prosecuted sustains an injury either in person, property or reputation. (See, also, *Dempsey* v. *Lepp*, 52 How. Pr., 11; *Lawton* v. *Green*, 64 N. Y., 331; *Shafer* v *Loucks*, 58 Barb., 426; *Whipple* v. *Fuller*, 11 Conn., 582; *Closson* v. *Staples*, 42 Vt., 209; 14 Am. and Eng. Encyc., 34.) In the present case not only was the property of the plaintiff interfered with, but his business was largely injured, and, if the plaintiff is correct upon the facts, the process of the court was improperly used by the defendants to his great damage. We think the action is maintainable so far as the form is concerned.

It is further claimed by the appellants that the court erred to

their injury in its charge as to the effect of the discontinuance of the replevin action. The appellants asked the court to charge: "That the discontinuance of the replevin action brought by the defendants does not, under the circumstances of this case, constitute a want of probable cause." To this the court replied: "I decline to charge in that form, but I do charge it, adding these words, 'but is *prima facie* evidence of such want.'" Exception was duly taken. The judgment of discontinuance was entered upon a stipulation signed by the attorneys of both parties, which, after reciting the commencement of the action and the joining of issue, proceeded as follows: "And the plaintiffs being desirous of discontinuing the same, it is hereby stipulated that the defendant may, upon filing this stipulation upon said discontinuance, enter judgment against the above-named plaintiffs, without further application to the court, in his favor, dismissing the plaintiffs' complaint herein upon the merits, and adjudging that the title of the property involved in this action was, on the 4th day of December, 1882, and still is, in the defendant," and the terms of the judgment, including the damages and costs, were provided for. It appears from the record before us, without dispute, that this stipulation was made after a trial and verdict for Brounstein in one of the cases, and in pursuance of an understanding between the attorneys of the respective parties that upon the trial of one of the cases the others should abide the event. The issues involved in each were the same. So that, practically, the trial of one was the trial of the whole. In this view the discontinuance was not a voluntary one within the rule laid down in *Burhans* v. *Sanford* (19 Wend., 417). An acquittal is not *prima facie* evidence of want of probable cause (*Scott* v. *Simpson*, 1 Sandf., 601), nor is a neglect to prosecute (*Gorton* v. *De Angelis*, 6 Wend., 418). We think it should not have been held that, under the circumstances of this case, the discontinuance was *prima facie* evidence of want of probable cause. The error in that regard is of sufficient materiality to call for a new trial.

The appellants also claim that the court erred in declining to charge as they requested in regard to the effect of advice of counsel, and they refer to some cases which, as they claim, sustain their position. The rule laid down in *Hazzard* v. *Flury* (120 N. Y., 227) seems to throw some doubt upon the correctness of appellant's posi-

tion.   It is not, however, necessary here to pass upon that and some other questions that are presented, as upon a new trial a different situation may appear.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed upon the exceptions and a new trial ordered, with costs to abide the event.