JOHN D. FERGUSON, Respondent, *v.* THOMAS C. ARNOW, et al., Appellants.

To authorize a recovery in an action for malicious prosecution in bringing a civil action, wherein defendant was unsuccessful, clear and satisfactory proof of all the fundamental facts constituting plaintiff's case must be given. Costs awarded to a successful defendant in a civil action are the indemnity which the law gives him for a groundless prosecution, and actions for malicious prosecution based thereon are not to be encouraged.

There was a highway in front of defendant's land which had existed since 1804. In 1888 and 1889 it was four rods wide. The highway commissioner of the town, claiming that, as originally laid out, said road was

five rods wide, and that it had been encroached upon by the veranda to defendants' house and by their fences. gave them notice to remove the same, and upon their refusal caused them to be removed. Defendants thereupon commenced an action of trespass against plaintiff and others who assisted in the removal, and obtained an order for plaintiff's arrest therein, under which he was arrested and gave bail. Said action resulted in a verdict and judgment for the defendants therein. In an action for malicious prosecution these facts appeared. Defendants had inherited their land from their father: the veranda and fences as they were when removed were there then and had been there for over forty years: defendants had known the highway for many years, had not themselves encroached, and did not know of any encroachment thereon. No claim of any encroachment was made until about 1888. The highway as then fenced out was of the usual width. There was no record of its laying out. and no recorded survey thereof. There was a record of an alteration thereof in 1804, which recited that it was five rods wide, but this defendants had never seen, and in commencing the action of trespass they acted under advice of counsel. *Held,* that plaintiff failed to show want of probable cause, and so a refusal to non-suit was error; that while if want of probable cause had been shown, the fact that an order of arrest was issued would have had a bearing upon the question of malice, it had no bearing upon that of probable cause.

(Argued May 3, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of December, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action for malicious prosecution brought by plaintiff, who had been one of several defendants in an action for trespass. in which the defendants herein were plaintiffs and in which they were defeated.

The facts, so far as material, are stated in the opinion.

*J. W. Bartram* for appellants. An action for malicious prosecution cannot be maintained except it be proved that the motive in instituting or prosecuting the suit complained of was malicious; that the prosecution was instituted without any probable cause; and that the suit or proceeding for the prosecution of which damages are claimed has been terminated.

(*Stewart* v. *Sonneborn*, 98 U. S. 187; *Wheeler* v. *Nesbitt*. 24 How. [U. S.] 544; *Salisbury* v. *Creswell*, 14 Hun. 460: 6 Wend. 418; *Porter* v. *Kingsbury*, 77 id. 164; *Palmer* v. *Avery*, 41 id. 619; *Bennell* v. *Brown*, 20 id. 99; *Musgrave* v. *Sherwood*, 76 id. 194; *Thaule* v. *Krekeler*. 81 id. 428; *Anderson* v. *How*, 116 id. 336; *Miller* v. *Milligan*. 48 Barb. 36; *Besson* v. *Southard*, 10 N. Y. 236; *Heyne* v. *Blair*. 62 id. 525; *Israel* v. *Brooks*, 23 Ill. 526; *Pangburn* v. *Bull*. 1 Wend. 345; *Sutten* v. *Andersen*, 103 Penn. St. 151: *McFarland* v. *Washburn*, 14 Ill. App. 369; *Marks* v. *Townsend*, 97 N. Y. 590; *O'Brien* v. *Barry*, 106 Mass. 300: 12 Am. Rep. 682; 9 Abb. Pr. 242; *Brown* v. *Randall*. 36 Conn. 56.) A new trial should be granted in this case because of the error in permitting plaintiff to prove the moneys expended by him for attorney fees and witness fees. The fees of counsel in the case complained of were not recoverable as damages. (*Stewart* v. *Sonneborn*, 98 U. S. 187; *Hicks* v. *Foster*, 13 Barb. 424; *Slopp* v. *Smith*, 71 Penn. St. 285.) It is affirmatively proved and not denied that plaintiff commenced the action complained of, and procured the order of arrest therein, by advice of counsel, and fully relied on his advice. If the jury believed this proof (as they were bound to do), it constituted in law a probable cause, and being such malice alone, if there was malice, was insufficient to entitle plaintiff to recover. (*Walter* v. *Semple*, 25 Penn. St. 275; *Cooper* v. *Utterbach*, 37 Md. 282; *Olmstead* v. *Partridge*, 16 Gray, 381; *Stewart* v. *Sonneborn*, 98 U. S. 187.) The court erred in submitting the question of probable cause to the jury. (*Bingham* v. *Beckwith*, 19 Wkly. Dig. 422; *Andersen* v. *How*, 116 N. Y. 336; *Carpenter* v. *Sheldon*, 5 Sandf. 77.)

*William C. Reddy* for respondent. The prosecution had terminated favorably to respondent. (*Dusenbury* v. *Keiley*, 85 N. Y. 386; *Robbins* v. *Robbins*, 133 id. 397; 6 Hun, 344; 2 Johns. 203; 19 Wend. 419–421; 51 Hun, 238; 12 id. 358; 6 Barb. 426; 36 N. Y. 11, 12, 13; *Marks* v. *Townsend*, 97 id. 590; *Rossiter* v. *P. Co.*, 37 Minn. 296.) The issue as to

want of probable cause was properly submitted to the jury and its verdict is conclusive. (Penal Code, § 718, subd. 4; *Com.* v. *Snelling,* 15 Pick. 337; *Com.* v. *Williams,* 110 Mass. 401; *Gorton* v. *De Anglis,* 6 Wend. 444; *Heine* v. *Blair,* 62 N. Y. 24; *Hazzard* v. *Flury,* 120 id. 223.) The question of malice was properly left to the jury and its verdict is conclusive. (*Berhans* v. *Sandford,* 19 Wend. 417; *Jennys* v. *Davidson,* 13 Hun, 393.)

EARL, J. A party who brings an action for malicious prosecution against a plaintiff who has been unsuccessful in a civil action, should not be permitted to recover without very clear and satisfactory proof of all the fundamental facts constituting his case. Such actions should not be encouraged.

The costs awarded to a successful defendant in a civil action are the indemnity which the law gives him for a groundless prosecution. Public policy requires that parties may freely enter the courts to settle their grievances, and that they may do this without imminent exposure to a suit for damages in case of an adverse decision by judge or jury.

Among other things the plaintiff was bound to show in this action a want of probable cause for the action the defendants brought against him, and in this we think he utterly failed, and the trial judge upon the undisputed evidence should have non-suited him.

There was a highway in front of the defendants' land which had existed from some time prior to 1804. In 1888 and 1889 it was about four rods wide. The highway commissioner of the town claimed that as originally laid out it was five rods wide, and that it had been encroached upon by the veranda of the defendants' house and by their fences, and he gave them notice of the encroachments requiring their removal. This they refused and then he caused them to be removed, the plaintiff being one of the principal actors engaged under the commissioner in the removal. The defendants then commenced an action of trespass against the plaintiff and others to recover damages for the removal of the

veranda and fences, and in that action they obtained an order for the arrest of the defendants therein, and they were arrested and released upon giving the proper undertaking. The action was put at issue by the answer of the defendants, and it was subsequently brought to trial at a Circuit Court. There evidence was given upon both sides, and the case was submitted to a jury who rendered a verdict for the defendants. Thereafter this plaintiff commenced this action for malicious prosecution of that action, and he recovered a judgment which is brought under review by this appeal.

The three defendants other than Thomas C. Arnow are women, and do not appear to have had anything to do personally with the prosecution of the action against the plaintiff. The defendants had inherited the land from their father, with the veranda and fences there, and they had all known the highway for many years, and had not themselves encroached thereon and did not know of any encroachment thereon by others. The veranda and most if not all of the fences had stood where they were when removed by the plaintiff for at least forty years. The defendants had never heard of any complaint of any encroachment until about 1888. The highway as fenced out was of the usual width, and the claimed width was very unusual. There was no record of the laying out of the highway and no recorded survey thereof. There was a record of the alteration thereof, made in 1804, which simply recited that the highway was five rods wide. But the defendants had never even seen that. They undoubtedly believed that their piazza and fences did not encroach upon the highway, and seemed to have abundant reason for so believing. Under all these circumstances, and others not here alluded to, the defendants commenced the action of trespass, acting under the advice of their counsel. If upon such evidence as we have here an action for malicious prosecution could be maintained, then such an action could be maintained for the unsuccessful prosecution of many of the actions which come upon appeal to this court, and a large proportion of

unsuccessful actions could be followed by such an action, and litigation be thus interminably prolonged.

The fact that an order of arrest in the trespass action was obtained against the plaintiff has no bearing upon the question of probable cause. If the want of probable cause had been established that fact would have bearing upon the question of malice. For the arrest the plaintiff had his indemnity in the undertaking given upon the granting of the order of arrest.

We regard this as a plain case, and, without a further reference to the law or the facts, our conclusion is that the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.