GEORGE R. PAUL, Appellant, *v.* JAMES C. FARGO, as President of the American Express Company, Respondent.

*Malicious prosecution of a civil action — an action therefor does not lie where neither person nor property has been interfered with — proof of the truth of the charges made constitutes a defense.*

The institution, maliciously and without probable cause, of an action for the conversion of moneys, under circumstances amounting to grand larceny, which has terminated favorably to the defendant, who has sustained injury thereby in expense, in business and in reputation, in excess of the amount of costs awarded to him by the final judgment, will not support an action for malicious prosecution, when it appears that the person or property of the defendant in such action was not interfered with by a judgment or execution or by any provisional remedy granted in that action.

*Semble,* that if the defendant's person or property had been so interfered with, the action for malicious prosecution would lie.

*Semble,* that if, in an action for malicious prosecution, the defendant proves the truth of the charges made in the former action, it constitutes a perfect defense.

ADAMS, P. J., dissented.

APPEAL by the plaintiff, George R. Paul, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Herkimer on the 19th day of May, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Herkimer Trial Term.

The action was begun on the 8th day of January, 1902, to recover damages alleged to have been sustained by the plaintiff, on account of the commencement and prosecution of a civil action against him by the defendant, which resulted in a final judgment of no cause of action in favor of this plaintiff, the defendant in that action.

*J. W. Shea,* for the appellant.

*A. X. Parker* and *Ledyard P. Hale,* for the respondent.

McLENNAN, J.:

The learned trial court ruled and decided, in substance, that in an ordinary civil action where the person or property of the defendant

is not interfered with, as by injunction, attachment, arrest or some other provisional remedy, the defendant, although successful, is not entitled to maintain an action of malicious prosecution against the plaintiff, notwithstanding such action may have been instituted and prosecuted without probable cause and maliciously, and resulted in damage to the defendant in excess of the costs recovered by him. Such ruling presents the only question which need be considered upon this appeal.

The facts, so far as material, may be briefly stated : The plaintiff, who had been in defendant's employ continuously in different capacities from the year 1887, was, about the year 1891, promoted to the position of agent, delivery and transfer clerk at its station or office in the village of Norwood, N. Y., at a salary of $100 per month. On the 12th day of May, 1897, while the plaintiff was so employed by the defendant, one F. S. Smith, who was cashier of the State Bank of Norwood, delivered to him, taking his receipt therefor, a package containing bank bills amounting to $1,000' which was to be forwarded and delivered by the defendant to the Seaboard National Bank of the city of New York. The defendant claimed that through the fault of the plaintiff such money or package was never sent to or delivered in New York, but that he converted the same to his own use. Thereafter and on or about the 4th day of October, 1898, the defendant commenced an action for conversion against the plaintiff in the Supreme Court, laying the venue in St. Lawrence county, and alleging in substance that the plaintiff, instead of sending the money received by him as its agent to New York, as it was his duty to do, wrongfully and wickedly converted and appropriated the same to his own use. The plaintiff answered in that action, and admitted that he received the money as agent for the defendant, but alleged in substance that he sent it to the New York bank in the usual course of business, and that he fully discharged his duty in the premises.

The issue so raised by the pleadings in that action was tried before the court and a jury in January, 1899. The jury rendered a verdict in favor of the defendant (this plaintiff). Thereafter such proceedings were had that the verdict was set aside by the presiding justice and a new trial was ordered. In May, 1901, such new trial was had, which also resulted in a verdict in favor of the defendant

(this plaintiff), and upon such verdict a final judgment was entered dismissing the plaintiff's complaint in that action with costs.

It is alleged in the complaint in the action at bar, and there is proof tending to show, that the costs and expenses necessarily incurred by the plaintiff in defending the action brought against him by the defendant largely exceeded the costs awarded by the final judgment; also, that the bringing of such action injured the plaintiff in his business and reputation. We are also of the opinion that the evidence contained in the record before us is of such a character as to make the question whether or not such action was brought maliciously and without probable cause one of fact for the jury. So that, for the purposes of this appeal, we must assume that the defendant commenced an action for conversion against the plaintiff maliciously and without probable cause, which resulted favorably to the plaintiff, and that he sustained injury thereby in excess of the amount of costs awarded to him by the final judgment. No order of arrest was obtained against the plaintiff or attachment against his property, or any other provisional remedy resorted to, in the action of conversion brought by the defendant against the plaintiff.

Concededly if a person brings a civil action against another maliciously and without probable cause, which terminates favorably to the defendant, and an order of arrest is procured under which the defendant is arrested, or if, by virtue of a writ of replevin, warrant of attachment, injunction or other provisional remedy issued therein, his property is taken or interfered with, the defendant may maintain an action for malicious prosecution against the plaintiff to recover the damages sustained by him. (*Brounstein* v. *Sahlein*, 65 Hun, 365; *Burhans* v. *Sanford*, 19 Wend. 417; *Bump* v. *Betts*, Id. 421.)

The doctrine of these cases and many others which might be cited, decided by the courts of this and other States, was expressly approved in *Willard* v. *Holmes, Booth & Haydens* (142 N. Y. 492). In that case the court said, per GRAY, J.: "This action was brought to recover damages for the malicious prosecution of a civil action. Whether such an action may be maintained, regardless of whether the plaintiff in the former action had interfered with either the person or property of the defendant therein, is a question we are not

called upon to determine. * * * In this country the authorities are not agreed upon the doctrine governing such actions, as may be seen by reference to the cases collated in the American and English Encyclop. of Law (Vol. 14, p. 32). But I am prepared to assume that there may be satisfactory authority for holding that where a party has been subjected to some special or added grievance, as by an interference with his person or property, in a civil action brought without probable cause, he may maintain a subsequent action to recover any legal damage which he avers and is able to show to have been occasioned to him. (See *Bump* v. *Betts,* 19 Wend. 421; *Whipple* v. *Fuller,* 11 Conn. 582; *Potts* v. *Imlay,* 4 N. J. L. 330; *Mayer* v. *Walter,* 64 Penn. St. 283, and Cooley on Torts, p. 187.) The action generally is not to be viewed with any favor, for in theory of law, the costs awarded by the statute to the successful defendant are an adequate compensation to him for all damages."

In that case the plaintiff's property had been attached in the former action.

We think the language quoted fairly indicates that the court was of the opinion that for the bringing of an ordinary civil action, even if brought without probable cause and maliciously, if the person or property of the defendant was not interfered with, as by arrest, attachment, replevin, injunction, etc., an action for malicious prosecution will not lie in favor of the defendant, although successful in such action. That such was its opinion is further indicated by the decision of the court in *Ferguson* v. *Arnow* (142 N. Y. 580). The court said, per EARL, J.: "A party who brings an action for malicious prosecution against a plaintiff who has been unsuccessful in a civil action should not be permitted to recover without very clear and satisfactory proof of all the fundamental facts constituting his case. Such actions should not be encouraged. The costs awarded to a successful defendant in a civil action are the indemnity which the law gives him for a groundless prosecution. Public policy requires that parties may freely enter the courts to settle their grievances, and that they may do this without imminent exposure to a suit for damages in case of an adverse decision by judge or jury."

The court further said : " If upon such evidence as we have here an action for malicious prosecution could be maintained, then such

an action could be maintained for the unsuccessful prosecution of many of the actions which come upon appeal to this court, and a large proportion of unsuccessful actions could be followed by such an action, and litigation be thus interminably prolonged."

In that case the plaintiff had been arrested in the former action, and it was consequently held that if want of probable cause and malice had been shown the action could have been maintained.

So far as we have been able to discover no case can be found, decided by the courts of this State and involving this precise question, where it has been held that an action for malicious prosecution may be maintained; where the former was an ordinary civil action, and where the person or property of the defendant in that action had not been interfered with. There are dicta of the courts to that effect.

In *Wass* v. *Stephens* (128 N. Y. 123) the court said (at p. 127), per ANDREWS, J.: " The action for malicious prosecution is very ancient. The law puts no direct restraint upon the institution by one person of a civil action or a criminal prosecution against another. He may put in motion the civil or criminal law, at his pleasure, for the enforcement of an alleged private right or the punishment of an alleged public wrong. But if he acts from malice and institutes a groundless prosecution against another, either civil or criminal, the law affords to the injured party a remedy through an action for damages for malicious prosecution."

In that case, however, the plaintiff had been arrested and imprisoned for an alleged violation of the law, by or at the instance of the defendant, and, of course, it having been shown that such arrest was made without probable cause and maliciously, it was properly held that an action for malicious prosecution would lie.

In the case of *Vanduzor* v. *Linderman* (10 Johns. 106) the language of the court, used in its opinion, is broad enough to include an ordinary civil action, yet an examination of the case discloses that it went off on a question of jurisdiction, and the expressions of the court are, therefore, *obiter*.

In the case of *Pangburn* v. *Bull* (1 Wend. 345), WOODWORTH, J., who wrote the opinion, said, in effect, that an action of malicious prosecution would lie against a plaintiff who brought an ordinary civil action, if brought without probable cause and maliciously, but

in all the cases cited as authority for the proposition the defendant had been arrested and held to bail.

It has been repeatedly held by the courts of this and most of the other States of the Union, that a civil action may be maintained to recover the damages sustained by the abuse or misuse of the process of the court. As where a party wrongfully and willfully sues out an execution on a judgment which he knows has been paid and satisfied, and whereby the property of the defendant is taken and sold. (*Brown* v. *Feeter,* 7 Wend. 301.) Entering up a judgment and suing out execution for a claim already satisfied. (*Barnett* v. *Reed,* 51 Penn. St. 190.) Suing out an attachment for an amount greatly in excess of the debt. (*Savage* v. *Brewer,* 16 Pick. 453.) Causing an arrest for more than is due. (*Jenings* v. *Florence,* 2 C. B. [N. S.] 467.) Levying an execution for an excessive amount. (*Sommer* v. *Wilt,* 4 S. & R. 19.) Causing an arrest when a party cannot procure bail, and keeping him imprisoned until he is compelled to surrender property to which the other is not entitled. (*Grainger* v. *Hill,* 4 Bing. N. C. 212.) Where a person is induced by fraud to come into the jurisdiction of the court and is then sued, although upon a perfectly valid cause of action. (*Slade* v. *Joseph,* 5 Daly, 187.) Where service of process is accomplished by unlawfully breaking into a dwelling house, although the party at whose instance the service was made has a good cause of action against the person served. (*People* v. *Hubbard,* 24 Wend. 369.)

As was said by Judge Cooley in his work on Torts (p. 191): "The fraudulent use of the process to bring one within a jurisdiction must be actionable."

If a plaintiff brings suit in Justice's Court upon a valid demand, and upon the return day, instead of joining issue, discontinues the action and sues over, and then repeats the performance several times, without any excuse and solely for the purpose of vexing and harassing the defendant, it is unquestioned that the defendant may recover the damages occasioned him by the improper use of the process of the court. (*Pangburn* v. *Bull, supra.*) It would not, however, be claimed that an action for malicious prosecution could be maintained, because the fact that the plaintiff had a valid cause of action against the defendant, and that all the allegations in his complaint were true, would constitute a perfect defense to such an

action, without reference to whether or not the suit was commenced and prosecuted maliciously.

As said by Bishop in Non-Contract Law (§ 490): "There are other wrongs similar to malicious prosecution which, coming short of it, are not called by that name," and then the author cites cases of the character above referred to. In that class of cases, as pointed out by Judge Cooley in his work on Torts (p. 190), proof of malice is not important, except as it may tend to aggravate damages. It is enough that the process was willfully abused to accomplish some unlawful purpose. In those cases it is not necessary to prove want of probable cause and malice, which are essential in an action for malicious prosecution. As stated in Hale on Torts (p. 361): "Malicious abuse of process is distinguished from malicious prosecution in at least two respects, *first*, in that want of probable cause is not an essential element, and, *second*, that it is not essential that the original proceeding shall have terminated."

The authorities thus far referred to establish the proposition that in every case where a person has suffered damage because of the abuse or misuse of the process of the court, or because of a civil action commenced against him without probable cause and maliciously, in which he has sustained some special damage by reason of interference with his person or property, he may recover such damages against the person responsible therefor. In the first class of cases, for the abuse of the process of the court; in the second class, for malicious prosecution. Those authorities, however, do not aid in the decision of the question involved in this appeal, for, as we have seen, this is an action for malicious prosecution, brought against the defendant because he commenced an ordinary civil action against the plaintiff, and in which the plaintiff's person or property were in no manner interfered with. As we have said, we think no case can be found, decided by the courts of this State, in which it has been held that under those circumstances an action of malicious prosecution can be maintained.

The decisions of the courts of the other States of the Union are in irreconcilable conflict. As pointed out in the American and English Encyclopædia of Law (Vol. 19 [2d ed.], p. 652), the courts of the following States have held explicitly that such action cannot be maintained, and the cases in which the courts of those several

States have so decided are cited: Georgia, Illinois, Iowa, Louisiana, Maryland, Nebraska, New Jersey, North Carolina, Ohio, Pennsylvania, South Carolina and Texas. With equal positiveness the decisions, which are also cited, of the courts of California, Colorado, Connecticut, Indiana, Kansas, Kentucky, Michigan, Minnesota, Missouri, North Dakota, Tennesee and Vermont, assert that such action may be maintained.

As illustrative of the irreconcilable conflict which exists between the two lines of decisions, it is only necessary to refer to *Mayer* v. *Walter* (64 Penn. St. 283), an action where the precise question was involved. SHARSWOOD, J., said: "If the person be not arrested or his property seized, it is unimportant how futile and unfounded the action may be, as the plaintiff in consideration of law is punished by the payment of costs."

In *Bitz* v. *Meyer* (40 N. J. L. 252) the rule is stated in the head note as follows: "An action cannot be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction, by the party himself in interest, unless the defendant has, upon such prosecution, been arrested without cause and deprived of his liberty or made to suffer other special grievance different from and superadded to the ordinary expenses of a defence. Subject to the qualification stated, a civil action is pursued only at the peril of costs, if not sustained."

The contrary view is quite as explicitly stated in *Closson* v. *Staples* (42 Vt. 209), where the court, after reviewing all the authorities, said, per WILSON, J.: "We are of opinion that where a civil suit is commenced and prosecuted maliciously and without reasonable or probable cause, and is terminated in favor of the defendant, the plaintiff in such suit is liable to the defendant in an action on the case for the damages sustained by him in the defense of that original suit, in excess of the taxable costs obtained by him; and to maintain an action to recover such damages, it is not material whether the malicious suit was commenced by process of attachment or by summons only."

The English authorities uniformly hold that such an action cannot be maintained. The English rule is stated in *Quartz Hill Gold Mining Co.* v. *Eyre* (L. R. 11 Q. B. Div. 674, 690), BOWEN, L. J., as follows: "The bringing of an ordinary action does not as a natural

or necessary consequence involve any injury to a man's property, for this reason : that the only costs which the law recognizes and for which it will compensate him, are the costs properly incurred in the action itself.     \*   \*   \*   Therefore, the broad canon is true that in the present day and according to our present law, the bringing of an ordinary action, however maliciously and however great the want of reasonable and probable cause, will not support a subsequent action for malicious prosecution.     \*   \*   \*   The counsel for the plaintiff company have argued this case with great ability, but they cannot point to a single instance since Westminster Hall began to be the seat of justice, in which an ordinary action, similar to the actions of the present day, has been considered to justify a subsequent action on the ground that it was brought maliciously and without reasonable and probable cause."

The text writers also seem to be about equally divided upon the question.  In Addison on Torts (Dud. & Bayl. Am. ed. p. 752) it is said : " If one man prosecutes a civil action against another maliciously and without reasonable and probable cause, an action for damages is not maintainable against the prosecutor of the action. \*   \*   \*   When a man brings an action he claims a right to himself, or complains of an injury done to him, and if a man fancies he has a cause of action he may sue and put forward his claim, however false and unfounded it may be."

Judge Cooley in his work on Torts (at p. 188), after calling attention to the conflict in the decisions of the courts of the different States, says : " In some cases it has been held that an action may be maintained for the malicious institution, without probable cause, of any civil suit which has terminated in favor of the defendant, but the English authorities do not justify this statement, and there is much good reason in what has been said in a Pennsylvania case (*Mayer* v. *Walter, supra*), that 'if the person be not arrested or his property seized, it is unimportant how futile and unfounded the action might be, as the plaintiff, in consideration of law, is punished by the payment of costs.'   If every suit may be retried on an allegation of malice, the evils would be intolerable, and the malice in each subsequent suit would be likely to be greater than in the first."

Similar views expressed by many other text writers might be quoted.

On the other hand, Mr. Hilliard, in his work on Torts (Vol. 1, p. 466), seems to hold quite as emphatically that under such circumstances an action of malicious prosecution is maintainable.

Jaggard on Torts (§ 197) states the rule as follows: "To constitute malicious prosecution there must have been an original judicial proceeding. The tendency of the American courts is to recognize as a basis for malicious prosecution either a civil or criminal original proceeding, even though there may have been no interference with the person or property."

Mr. Lawson, in elaborate articles in the *American Law Register* for May and June, 1882 (Vol. 30, pp. 281, 353, 368, 369), considered the question, collated and reviewed the cases decided by the courts of this country and of England bearing upon the subject, and also the views expressed by many of the text writers, and in conclusion he states: "We have now reviewed all the American cases *pro* and *con*, and the weight of authority appears to be against the right of action for the unfounded and malicious prosecution of an ordinary civil action." But after again calling attention to the chief authorities, *pro* and *con*, upon the subject, he adds: "But while the weight of authority denies the action, the weight of reason allows it."

It would hardly be useful to attempt to repeat the reasons assigned by the eminent jurists and text writers which impelled them to reach the conclusions which they did respectively upon the question here involved. Those who insist that the action cannot be maintained urge that the costs awarded to the successful party in a civil action is the full compensation to which he is entitled as intended by the statute. The decisions of the English courts seem to be based upon that proposition. On the other hand, it is said that even assuming the correctness of the rule as applied to the jurisprudence of England, where under the practice full and substantial costs are allowed to a successful defendant, the rule ought not to have force in this country, where notoriously the costs allowed are as a rule wholly insufficient to reimburse a defendant for the costs and expenses incurred in the defense of such an action.

Again, it is said that it is and ought to be the policy of the law to permit all persons to enter the courts freely, to settle their griev-

ances, whether real or imaginary, and that they ought to be able to do so without subjecting themselves to a suit for damages in case of an adverse decision by a judge or jury, where they have in no manner interfered with the person or property of the defendant. To this it is answered that a person who enters the courts without probable cause and maliciously is not entitled to any protection, but should be required to make good to the other all the damages which his malicious act occasioned; that the broad principle should apply, that for every wrong there should be a remedy.

Another suggestion made is that if such an action may be maintained by a party whose person or property was not interfered with in the former action, every civil action which is brought maliciously and in which the plaintiff was unsuccessful, may be made the basis of an action for malicious prosecution, and thus litigation involving the same state of facts and between the same parties be interminably prolonged, and possibly a different result reached in each subsequent action.

In the case at bar, as we have seen, the defendant brought an action against the plaintiff for conversion. Upon all the evidence adduced bearing upon the question, the jury determined that the plaintiff in that action (the defendant here) failed to establish such cause of action. The plaintiff now brings this action for malicious prosecution, and we may assume that precisely the same evidence bearing upon the question whether or not the plaintiff was guilty will be presented in this case. If so and it should be considered that the plaintiff was guilty of conversion, and the jury should so find, it would constitute a perfect defense to the action at bar.

It is well settled that in an action for malicious prosecution if the defendant proves the truth of the charges made in the former action, that the defendant in that action was in fact guilty as charged, it constitutes a perfect defense. (*Miller* v. *Milligan*, 48 Barb. 30; *Hall* v. *Suydam*, 6 id. 83; *Fagnan* v. *Knox*, 66 N. Y. 525.) If upon the trial of the case at bar the defendant should be able to satisfy the jury upon the evidence that the plaintiff was in fact guilty of conversion, and assuming that it was precisely the same upon that issue as upon the former trial, he would have established a perfect defense. Would the defendant then be entitled to maintain still another action for malicious prosecution against the plain-

tiff, involving precisely the same facts, and if so where would such litigation end?

If the other rule prevails, to wit, that no action for malicious prosecution can be maintained because of the commencement of a civil action, where the person or property of the defendant has not been interfered with, then the bringing of action after action between the same parties upon precisely the same state of facts, with possibly a different result in each case, cannot result.

Again, it has been said that the right to maintain an action for malicious prosecution cannot, upon principle, be made to depend solely upon the fact that a former civil action was brought maliciously and without probable cause, and that thereby the defendant was compelled to incur costs and expenses in his defense, and sustained other damages on account thereof, but not occasioned by interference with his person or property in the prosecution of the former action. Of course, if such rule or principle is applicable to a defendant, it ought to be equally available to a plaintiff. Suppose then that a plaintiff brings an ordinary civil action against a defendant to enforce a perfectly valid claim, and the defendant maliciously and without probable cause sets up a demand against the plaintiff by way of counterclaim, the assertion of which imposes large costs and expenses upon the plaintiff to successfully defend the demand, and besides injures him in his business and reputation, could such plaintiff, in case he defeats such counterclaim, maintain an action for malicious prosecution against the defendant? If so we can see no reason, upon principle, why this situation might not result: A plaintiff maliciously and without probable cause brings an ordinary civil action against a defendant. Such defendant, in order to successfully defend the claim, is compelled to incur large expense in excess of the costs allowed by statute, and is also injured in his business and reputation. He not only denies and successfully resists the plaintiff's demand, but by way of counterclaim he, the defendant, maliciously and without probable cause, asserts a demand against the plaintiff which is absolutely unfounded, and thereby compels the plaintiff to incur large expense in order to successfully resist such demand, and which also causes injury to the plaintiff's property and reputation. May each maintain an action for malicious prosecution against the other? These suggestions are made in some

of the cases referred to for the purpose, as it is claimed, of showing the anomalous conditions which might arise in case it should be held upon principle, that an action for malicious prosecution will lie for the commencement of an ordinary civil action if brought maliciously and without probable cause, where the person or property of the defendant has not been interfered with, and simply because a wrong was done by one party which resulted in injury to the other.

These reasons and numerous others are many times reiterated in the various decisions to which attention has been called, for or against the contention of the respective parties to this appeal. None of them are perhaps of commanding importance and such as to lead irresistibly to one conclusion or the other. In view of the irreconcilable conflict in the decisions of the courts of this country as to what the law upon the question involved really is, and also in view of the irreconcilable difference of opinion between the text writers as to what, upon principle, the law ought to be, and being satisfied that the precise question here involved has not been decided by any court in this State, except by the judgment of the learned trial court from which this appeal is taken, we conclude that it is our duty to affirm rather than reverse the judgment.

All concurred, except ADAMS, P. J., dissenting in an opinion.

ADAMS, P. J. (dissenting):

In stating my reasons for withholding my assent to the views expressed and the conclusion reached in the prevailing opinion in this case, I am prepared to concede that whatever the rule may be in other jurisdictions, it is apparently settled that in this State an action will not lie for damages which may have resulted to the successful party in an ordinary civil action which was brought against him maliciously and without probable cause. (*Willard* v. *Holmes, Booth & Haydens*, 142 N. Y. 492; *Ferguson* v. *Arnow*, Id. 580.)

But in the case first above cited, while this rule was recognized and asserted, it was said that there was " satisfactory authority for holding that where a party has been subjected to some special or added grievance, as by an interference with his person, or property, in a civil action, brought without probable cause, he may maintain

a subsequent action to recover any legal damage which he avers and is able to show to have been occasioned to him."

Now, it is not contended that in the former action upon which the plaintiff herein rests his claim for damages, there was any interference with his person or property. That is, he was not arrested, and his property was not attached; but it seems to me quite clear that, aside from the annoyance and expense attending the defense of that action, the plaintiff was subjected to a "special grievance" which was well calculated to work as serious results as would have been the case had his liberty or property been interfered with; for it was sought by that action to recover from him a large sum of money which it was alleged he had wrongfully converted to his own use, and the complaint charged him with no less an offense than the commission of grand larceny. As a direct consequence of this charge the plaintiff was not only deprived of an important and lucrative position, but he was subjected to personal indignity and his reputation was assailed and impaired to an extent which, it is fair to assume, can never be overcome. Moreover, the action was of such a nature that had the plaintiff therein been successful an execution against the person might have been issued against this plaintiff. It must be conceded, I think, that upon the evidence contained in the record now before us, the jury would have been justified in finding that the action of which complaint is made was brought without probable cause, and with the malicious design of forcing a confession from the defendant (this plaintiff), and if so, can it with any propriety be claimed that because the plaintiff in that action did not go to the extent of actually arresting the defendant or attaching his property, he thereby relieved himself from all liability for his malicious acts?

It seems to me that if an action for malicious prosecution in a civil action is ever to be upheld the facts of this case should give it a standing in court.

In discussing the circumstances of one of the cases to which reference has been heretofore made (*Willard* v. *Holmes, Booth & Haydens, supra*), the learned judge who wrote the opinion laid much stress upon the fact that "the complaint and the affidavit in the former action contain no charges of fraud or of a *defamatory character*," but that the action was one purely for the recovery of money.

This language conveys the impression to my mind that had the affidavit and complaint assailed the defendant's character in the manner and to the extent that this plaintiff's character was assailed in the action complained of, it would have been regarded as a "special grievance," equivalent in its consequences to an interference with his person or property.

While I have no disposition to encourge the bringing of actions of this nature, I am of the opinion that the disposition made of the present one at the Trial Term was erroneous, and that the plaintiff should have an opportunity to present his case to a jury.  (*Pangburn* v. *Bull*, 1 Wend. 345.)

Judgment affirmed, with costs.