### BERKOWICH v. KOMMEL.

(Supreme Court, Appellate Term. November 29, 1907.)

1. MALICIOUS PROSECUTION—CIVIL ACTIONS—ELEMENTS.

     One suing for malicious prosecution of a civil action must show that the action was malicious, that there was not ground sufficient to justify a belief in its success; that it ended in failure, and that he suffered some special grievance in person or property.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, §§ 17, 56–58, 69, 72–76.]

**2. SAME—SUFFICIENCY OF EVIDENCE.**

Evidence in an action for malicious prosecution of a civil action *held* not to show that defendant did not have reasonable cause to institute his action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 152.]

**3. APPEAL—REVIEW—QUESTIONS OF FACT.**

A verdict against the overwhelming weight of evidence will not be permitted to stand.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3938–3943.]

**4. MALICIOUS PROSECUTION—CIVIL ACTIONS—EVIDENCE.**

An action for malicious prosecution of a civil action must be supported by very clear and satisfactory proof.

Appeal from City Court of New York.

Action by Herman Berkowich against Aaron Kommel. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Louis J. Jacovies (Henry Kuntz, of counsel), for appellant.
Nathaniel Tonkin, for respondent.

LEVENTRITT, J. The plaintiff has judgment for the malicious prosecution of a civil action. In October, 1903, the defendant commenced an action against the plaintiff in the Municipal Court of the city of New York to recover the price of goods alleged to have been sold and delivered to the plaintiff on October 2 and November 7, 1901. A general denial was interposed as an answer in that action. The trial of the issues was adjourned from time to time, until finally, on December 2, 1903, an inquest was taken, and on the judgment entered an execution was issued to a city marshal, to whom, to prevent a threatened levy on his property, the plaintiff paid the amount of the judgment. Thereafter, on motion duly made, the inquest was opened and the cause set for trial for January 14, 1904. A series of adjournments followed until February 29th, when the justice ordered the trial to proceed, and upon this defendant's refusal a judgment was rendered dismissing the complaint, with costs. The plaintiff pleads the foregoing undisputed facts, and adds that the inquest taken on December 2, 1903, was brought about and the resulting judgment secured through trick and device and the false and fraudulent statements of the defendant's attorney to the effect that the cause had been set for trial for December 4th, when, as he well knew, the date fixed was December 2d. The plaintiff further charges that the defendant instituted the Municipal Court action through malice and without probable cause to believe it could succeed, and he brought this suit to recover damages. The defendant, after putting in issue the allegations of trick and device and false representations, denies that he was actuated by malice, and denies that he did not have probable cause to anticipate success.

The plaintiff relied on his own testimony to establish his cause of action. In the course of his testimony directed to the nonexistence

of probable cause in the bringing of the Municipal Court action, he said that for several years prior to March 31, 1902, he purchased goods from the defendant, and on that day paid the entire balance owing; that he never bought the goods involved in the Municipal Court action; that he had a nephew who bought similar goods from the defendant; that on occasions he sent his nephew to make purchases from the defendant; that he signed the receipt (produced) for certain goods, but he was unprepared to say whether or not it covered that part of the goods which the defendant claimed to have delivered to him on November 7, 1901; that he had a dispute with the defendant respecting his liability for the transactions on which the Municipal Court action was based, and insisted that he had not guaranteed payment for his nephew's purchases, while the defendant maintained the contrary. A plaintiff who seeks recovery for the malicious prosecution of a civil action must prove that the action was begun in malice, that there was not ground sufficient to justify a belief in its success, that it ended in failure, and that he suffered some special grievance in person or property.

Even conceding that the plaintiff adduced evidence to support the other elements essential to his cause of action, the evidence summarized not only fails to show that the defendant did not have reasonable cause to believe in the truth and justice of the claim which he asserted in the Municipal Court, but it tends strongly to indicate the existence of such reasonable cause. When confronted with a receipt, which he admitted he had signed, he could not swear that it was not for the greater part of the very goods to recover the value of which the action had been brought in the Municipal Court. He was unwilling to assert that the defendant had not delivered those goods to him. That doubt is inconsistent with the allegation of want of probable cause that he was bound to prove as a prerequisite to his right to recover. It not only negatives that allegation, but points to the existence of a belief on the defendant's part that he had a meritorious cause of action. This conclusion is strengthened by the plaintiff's further testimony that he had occasionally sent his nephew to buy goods from the defendant, and that he had quarreled with the latter respecting his liability for his nephew's purchases. The jury should not have been permitted to say that the defendant had no faith in his claim against the plaintiff, when the plaintiff himself expressed doubt about it. Having failed to prove that the defendant was not justified in entertaining the belief that the Municipal Court action was well founded, the motion to dismiss made by the defendant at the close of the testimony should have prevailed, and the exception to its denial was well taken.

Even if this error could not be availed of as a ground of reversal, the judgment would not be permitted to stand, as it is based upon a verdict which was returned in defiance of the overwhelming weight of evidence. By convincing testimony the defendant and his witnesses established that the plaintiff had to some degree at least assumed liability for his nephew's purchases, that all such purchases were charged to the plaintiff, that the goods represented thereby were

delivered to him, that he receipted for them and the original bills
were sent to him, that on March 31st, when the plaintiff claims to
have adjusted his accounts, the two items in question were called to
his attention, and that the plaintiff, stating that he had had a differ-
ence with his nephew, repudiated his liability and refused to satisfy
the demands. All these facts were further corroborated by the docu-
mentary evidence introduced. The evidence does not survive the ap-
plication of the test prescribed by the Court of Appeals for cases of
this character. In Ferguson v. Arnow, 142 N. Y. 580, 37 N. E. 626,
the court, by Earl, J., say:

> "A party who brings an action for malicious prosecution against a plain-
> tiff who has been unsuccessful in a civil action shall not be permitted to re-
> cover without very clear and satisfactory proof of all the fundamental facts
> constituting his case. Such actions should not be encouraged."

Judgment reversed, and new trial ordered, with costs to appellant
to abide event. All concur.