WEBER-PLEUTHERT COMPANY, Plaintiff, *v.* ABRAHAM N. LEVENTHAL and Another, Defendants.

(Supreme Court, Erie Special Term, March, 1918.)

Actions — when may be instituted — for malicious prosecution — damages — pleading — partnership — fraud — trial — provisional remedies — negotiable instruments.

Where in a civil action neither the person nor the property of the defendant was interfered with, as by injunction, attachment, arrest or some other provisional remedy, the defendant, though successful, is not entitled to maintain an action for malicious prosecution against the plaintiff notwithstanding the action may have been instituted and prosecuted without probable cause, and maliciously, and resulted in damage to the defendant in excess of the costs recovered by him.

Where a complaint alleges that after plaintiff had made and delivered to defendants certain promissory notes for mer-

chandise purchased, the merchandise was returned and received in full satisfaction and payment of said notes, and that, notwithstanding, defendants, who were partners, conspiring with the intent to cheat and defraud plaintiff and to injure and damage it in its business reputation and credit, maliciously and without reasonable and probable cause, caused the said notes to be transferred by their firm to one of the partners with full knowledge on the part of defendants that the notes had been paid, and it is further alleged that the transferee of the notes with said intent maliciously and without reasonable and probable cause began an action to recover upon said notes, which action resulted in a verdict in favor of the plaintiff herein of no cause of action which on appeal was affirmed in all things; that by reason of said facts the business and credit of plaintiff was damaged, it was required to pay out large sums to defend said action and judgment is demanded for a certain sum against defendants, but there is no allegation or claim that defendants resorted to any provisional remedy or took any action in any way interfering with the plaintiff's property, save the action upon the notes, defendants' motion for judgment on the ground that the complaint fails to state a cause of action will be granted and the complaint dismissed.

MOTION for judgment by the defendants on the ground that the complaint fails to state a cause of action.

Max Schleimer, for motion.

Wilbur F. Osburn, opposed.

WHEELER, J. The complaint in substance alleges that the plaintiff made and delivered to the defendants certain promissory notes representing an indebtedness for merchandise purchased. That subsequently to the giving of said notes the merchandise was returned and received in full satisfaction of said indebtedness and in payment of the notes given. That notwithstanding such settlement and payment the defendants (who were copartners) conspiring

Supreme Court, March, 1918.          [Vol. 103.

together with the intent to cheat and defraud the plaintiff, and to injure and damage the plaintiff in its business reputation and business credit, *"fraudulently and maliciously and without reasonable and probable cause,"* caused said notes to be transferred by the firm of Leventhal & Vogel to the defendant Leventhal with full knowledge on the part of said defendants that said notes had been paid and satisfied. That said defendant Leventhal with said intent maliciously and without reasonable and probable cause began an action in this court to recover upon said promissory notes, which action was duly tried, resulting in a verdict in favor of the plaintiff in this action of no cause of action, upon which verdict a judgment was duly entered. That an appeal was taken to the Appellate Division from said judgment, and said Appellate Division of this court thereafter in all things affirmed said judgment. The complaint then proceeds to allege that by reason of the facts above stated its business and credit was damaged, and the plaintiff was required to pay out large sums of money to defend said action for counsel fees and other expenses, and therefore the plaintiff demands judgment for $10,000 against said defendants.

The defendants contend the complaint fails to state a cause of action, and move for judgment dismissing the complaint.

The complaint is an amended one. A similar motion for judgment was made on the original complaint, and the motion of the defendants granted. On appeal the order was affirmed at the Appellate Division with a modification giving the plaintiff the right to serve an amended complaint. The plaintiff accordingly amended, and the defendants now move for judgment on the amended complaint.

Among other things the defendants' counsel con-

tends that the amended complaint in no substantial way differs from the original, and that the questions raised and decided on the former motion and appeal are decisive on this motion on the amended complaint.

I am of the opinion that there is no substantial difference between the original and amended complaint. In the original action the plaintiff sought to recover damages in the nature of counsel fees and other expenses incurred in the defense of the action on the notes in question. In the amended complaint there is an allegation that the acts complained of were in addition done for the purpose of injuring the business and credit of the plaintiff and the claim to recover is increased on that account. In the original complaint it is alleged that the acts complained of were done with the " *intent to cheat and defraud the plaintiff.*" In the amended complaint it is alleged the same acts were done " with intent to cheat, defraud and do damage to the plaintiff and ruin said plaintiff in its business," and that such acts were done " *wrongfully, fraudulently and maliciously and without reasonable and probable cause.*"

All I can discover substantially new in the amended complaint is the allegation that the acts complained of were done " maliciously and without reasonable and probable cause." The original complaint did not contain these words, but did allege that the defendants conspired to cheat and defraud the plaintiff and committed the overt acts pursuant to such unlawful conspiracy.

I do not think the mere use of the words " maliciously and without reasonable and probable cause " adds much if anything. If the defendants did in fact conspire to " *cheat* and *defraud* " and followed the conspiracy by overt acts to carry into effect their illegal agreement, such acts justified the inference

(indeed no other inference could be drawn) that the defendants did the things charged " *maliciously* and *without probable cause.*" Consequently I am of the opinion that where the Special Term and the Appellate Division have held the original complaint bad they have in effect condemned the amended one.

Outside, however, of the question of *stare decisis,* and treating the sufficiency of the amended complaint as an undecided question, we think the defendants' motion for judgment should be granted on the ground the complaint fails to state a cause of action.

The case of *Paul* v. *Fargo,* 84 App. Div. 9, must, in our opinion, be deemed decisive of the questions as to the sufficiency of the complaint, and lays down a rule of law which must control until a contrary doctrine has been held. The case arose and was decided by the Appellate Division of this department. It is squarely in point. The plaintiff in the case of *Paul* v. *Fargo* was employed as the agent of the American Express Company, and received a package of money from a local bank to be forwarded to a bank in New York. The defendant claimed the package was never delivered to the New York bank, and charged that Paul, the plaintiff, converted the money to his own use, and the express company brought an action against Paul for such conversion. The case was tried and resulted in a verdict in favor of Paul of no cause of action, upon which a final judgment was entered. Thereupon Paul brought an action against Fargo as president of the express company, charging the malicious prosecution of the action against him, and alleging malice and want of probable cause, and injury to his business and reputation, and damage by way of expenses incurred in defending the suit. In fact the allegations of the plaintiff in *Paul* v. *Fargo* were substantially the same as those contained in the plaintiff's

complaint in this action. The case came on for trial, and the trial court dismissed Paul's complaint, holding that in an ordinary civil action, where the person or property of the defendant is not interfered with, as by injunction, attachment, arrest or some other provisional remedy, the defendant, although successful, is not entitled to maintain an action for malicious prosecution against the plaintiff, notwithstanding such action may have been instituted and prosecuted without probable cause, and maliciously, and resulted in damage to the defendant in excess of the costs recovered by him. An appeal was taken by Paul from the judgment of the Appellate Division of this court for the fourth department, and the judgment was affirmed. On the decision of the appeal Mr. Justice McLennan wrote an opinion exhaustively reviewing the decisions of this and other states, and reaching the conclusion above stated. The case of *Paul* v. *Fargo* has been cited in a number of later decisions, and the general rule there laid down has not been questioned or modified. The rule laid down appears to be based largely on the broad ground of public policy, that if a contrary rule were to prevail persons believing themselves to have a meritorious case might be deterred from resorting to the courts for redress, where, if unsuccessful, they might subject themselves to the possibility of counter actions on the allegation that suits were maliciously brought and without probable cause. The courts say that the resort to the courts for the orderly settlement of differences should be encouraged, and not be deterred by the possibility of unpleasant and vexatious litigation following.

In any event, in disposing of the case in hand we feel bound to follow the rule laid down in *Paul* v. *Fargo*. There is no allegation or claim that in this action the defendants resorted to any provisional

remedy or took any action in any way interfering with the plaintiff's property, saving the bringing of the action on the notes, which was tried and disposed of in the usual and ordinary way, resulting in a verdict and judgment in favor of the present plaintiff.

We are of the opinion the motion of the defendants should be granted, and the complaint be dismissed, with ten dollars costs of this motion.

Motion granted, with costs.