### SUNKIST DRINKS, Inc., v. CALIFORNIA FRUIT GROWERS EXCHANGE.

District Court, S. D. New York.

Sept. 12, 1938.

Ludwig M. Wilson, of New York City, for plaintiff.

Rogers, Ramsay & Hoge, of New York City (Edward S. Rogers, Clifton Cooper and Leslie D. Taggart, all of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The motion is to dismiss a complaint for malicious prosecution on the ground that no cause of action is shown. The complaint alleges that the defendant in 1931 commenced suit against the plaintiff to enjoin the latter's use of the word "Sunkist", in which suit the defendant was largely unsuccessful; that from the decree the defendant took an appeal, which was later dismissed; that the defendant in 1937 commenced another suit against the plaintiff for the same relief, in which suit the bill was dismissed on motion; that the defendant then brought a third suit by a so-called supplemental bill, which likewise was dismissed on the plaintiff's motion. All three suits were brought in this court. The plaintiff proceeds to allege that each suit was brought maliciously and without probable cause, putting the plaintiff to great expense and harming it in business, to its injury in the sum of $50,000.

The court will take judicial notice of its own records in connected cases between the same parties. In re Jugiro, 140 U.S. 291, 11 S.Ct. 770, 35 L.Ed. 510; Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713; Matter of Ordway, 196 N.Y. 95, 89 N.E. 474. From those records the court is aware that in the first suit brought by the defendant and here complained of the present defendant won a final injunction, though not in as broad terms as it asked for, and that the injunction still stands. The present plaintiff has no fair grievance over the institution of that suit. In an action for malicious prosecution it is indispensable for the plaintiff to show that he finally prevailed in the proceedings of which he complains. Burt v. Smith, 181 N.Y. 1, 5, 73 N.E. 495, 2 Ann.Cas. 576.

On the balance of the complaint, there is the charge that the defendant brought two later suits which were dismissed on motion, and it is said that they were brought maliciously and without probable

cause. Both suits were dismissed, as the court knows from its records, not on the merits but on the ground that the present defendant had mistaken its remedy. The suits were mere civil suits, unaccompanied by arrest, attachment or injunction. The law in New York, where the acts complained of as a tort were committed, is that the institution of an ordinary civil suit, without arrest, attachment, injunction or other interference with person or property, will not support an action for malicious prosecution. Paul v. Fargo, 84 App.Div. 9, 82 N.Y.S. 369; Sachs v. Weinstein, 208 App. Div. 360, 203 N.Y.S. 449; Black v. Judelsohn, 251 App.Div. 559, 296 N.Y.S. 860. While the party proceeded against is generally put to expense beyond his recovery of costs, public policy requires that parties may freely enter courts to settle their grievances, without imminent exposure to a suit for damages in case of an adverse decision, and that litigation may not be interminably prolonged. See Ferguson v. Arnow, 142 N.Y. 580, 583, 37 N.E. 626. Unless therefore the plaintiff in action for malicious prosecution can show unusual injury such as that resulting from arrest, attachment or injunction, he has no cause of action. In some states the rule is otherwise. But the liability of the present defendant for acts claimed to constitute a tort depends on the law of the state where the acts were committed and the alleged injury was sustained. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ The complaint fails to state a cause of action. The motion to dismiss will be granted.