FRANK DADABO, Plaintiff, *v.* JOSEPH CARTINO, Defendant.

Supreme Court, Onondaga County, May 14, 1943.

*Dominic S. Rizzo* for plaintiff.

*Floyd E. Coursen* for defendant.

SEARL, J. On February 12, 1943, Joseph Cartino commenced an action in Justice's Court, Town of De Witt, Onondaga County, New York, against Frank Dadabo, by the service of a summons only. The action grew out of a collision between motor cars owned by the respective parties, each charging negligence. In Justice's Court, the sum demanded is twenty dollars and twenty-five cents for car damage.

On February 23, 1943, Frank Dadabo, the defendant in Justice's Court, commenced an action in Supreme Court by the service of a summons only. He demanded judgment for eighty-five dollars, likewise for car damage.

At the time of the commencement of the Supreme Court action, the Justice's Court action was at issue.

Should this application be granted, the plaintiff in the Justice's Court action would be entitled to be plaintiff in the con-

solidated action in Supreme Court, having commenced the action first; also, he would have the right to open and close. This being so, even were the plaintiff in the proposed consolidated action to succeed, still, as successful, he would be compelled to pay a bill of costs that in all probability would amount to three or four times the amount of recovery. In other words, the winner would be the loser.

Section 1472 of the Civil Practice Act provides: "In an action, other than one of those specified in subdivisions one to ten, both inclusive, of section fourteen hundred and seventy of this act, in which the complaint demands judgment for a sum of money only, the plaintiff is not entitled to costs unless he recovers the sum of fifty dollars or more." (The action is not one of those excluded, as contained in section 1470.)

Section 1475 of the Civil Practice Act provides: "The defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in sections fourteen hundred and seventy to fourteen hundred and seventy-three, unless the plaintiff is entitled to costs as therein prescribed; * * *."

Under the wording of section 1472, the plaintiff would not be entitled to costs "unless he recovers the sum of fifty dollars or more." Therefore, should the plaintiff succeed in obtaining an award of the full amount claimed, namely, twenty dollars and twenty-five cents, the defendant would be "entitled to costs, of course."

If this could be done, it would be simple where an action is brought in Justice's Court for an amount below fifty dollars for the then defendant to bring a cross action in Supreme Court. The plaintiff in the lower court might have a perfect cause of action, the defendant none, yet upon consolidation and a subsequent verdict for the original plaintiff for the full amount, if less than fifty dollars, would permit the party in the wrong to escape paying anything.

Aside from all other questions, the Supreme Court, although open to rich and poor alike, should not be subjected to the trial of a cause where plaintiff seeks to recover twenty dollars and twenty-five cents and defendant the sum of eighty-five dollars.

On the other hand, should either litigant demand a jury trial in Justice's Court as a result of the court's denying consolidation, it would be out of order at this time when man-hour time is at a premium in our war effort to require two juries to pass upon this single accident.

As said in *Ferguson* v. *Arnow* (142 N. Y. 580, 583): "The costs awarded to a successful defendant in a civil action are

the indemnity which the law gives him for a groundless prosecution." In the instant action, brought in Justice's Court, the plaintiff should not be subjected to a penalty for bringing his action in the proper court.

The Supreme Court has no power to change the legislative enactment by granting costs to plaintiff in the event a consolidation is ordered and plaintiff in the consolidated action recovers a judgment of only twenty dollars and twenty-five cents, the full amount of his demand, however.

However, a fair disposition can be arrived at as follows: If the moving party for consolidation attaches to an order, presented for consolidation within ten days after the date of this decision, a stipulation signed by his client that in consideration of the consolidation the plaintiff in the Justice's Court action, Joseph Cartino, may enter a bill of costs for the same amount as though his recovery were for fifty dollars or more, in event he recovers a verdict in his favor for any amount whatever in the consolidated action, then the order for consolidation will be signed. If, on the other hand, such order for consolidation is not signed and copy served with notice of entry within the ten-day period, then, and in that event, counsel for Joseph Cartino may obtain an order denying consolidation.