CLARA RISSER, Appellant, v. LIBERMAN BROTHERS, Respondent.

*In an action for malicious prosecution it must be alleged that the prosecution has
terminated — in an action for abuse of process where the wrong charged consists in
bringing the action it must be alleged that it has terminated or that the party
has been prevented from asserting his defense.*

The complaint in an action alleged that the defendant had sold merchandise to
the plaintiff on four months' credit; that prior to the expiration of the term of
credit the defendant executed a pretended assignment of the account to one
Neumark who thereafter, by the direction of the defendant, maliciously and
without legal authority, began an action to recover the merchandise; that
Neumark, by procurement of the defendant, executed an undertaking and
maliciously replevined the merchandise; that the merchandise was taken by
the sheriff and was delivered to the defendant; that the replevin action and
the requisitions issued by the sheriff "were unlawfully and maliciously begun
and issued" by the defendant; that the assignment of the account was made
without warrant of law and maliciously and for the purpose of carrying into
effect a threat by the defendant to ruin and injure the plaintiff, and that it was
so used by the assignee for the defendant's benefit.

The plaintiff further alleged that by reason of the unlawful issuance of the
requisition, the taking of the goods, the assignment and the institution of the
action, the plaintiff's business was ruined, she was compelled to cancel orders,
suffered a financial loss and injury to her trade and social status, in all to her
damage $2,500 for which she demanded judgment.

*Held*, that the complaint was demurrable;

That, in the absence of an allegation that the litigation instituted by the assignee
had terminated, the action was not maintainable as one for malicious
prosecution;

That the action could not be maintained as one for an abuse of process, because
it was not alleged that any proceedings were taken under the writ of replevin
which were not authorized by the Code of Civil Procedure;

That while in cases where wrong is committed in executing legal process, allega-
tions that the proceedings have terminated may be unnecessary to maintain an
action to recover damages for abuse of process, yet, where it is charged that
the wrong consisted in beginning the action, it is necessary to show its termina-
tion or allege some fact showing that the party aggrieved was in some way
deprived of her right to assert her defense to that action.

APPEAL by the plaintiff, Clara Risser, from an interlocutory judg-
ment of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Kings on the 10th day of
February, 1904, upon the decision of the court, rendered after a

trial at the Kings County Special Term, sustaining the defendant's demurrer to the plaintiff's complaint.

*Maurice M. Greenstein,* for the appellant.

*Robert D. Elder,* for the respondent.

Interlocutory judgment affirmed, with costs, upon the opinion of Mr. Justice KELLY at Special Term.

BARTLETT, JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

The following is the opinion of KELLY, J., delivered at Special Term:

KELLY, J.:

The complaint alleges that the defendant, a domestic corporation, sold to the plaintiff, a milliner, certain merchandise on four months' credit; that within two months of the sale, before the term of credit had expired, the defendant demanded payment, threatening in case payment was refused to begin replevin proceedings; that before the credit period had expired the defendant caused an alleged pretended assignment of the account to be made to one Neumark, who thereupon by the direction of the defendant maliciously and without legal authority began an action in this court in New York county to recover the merchandise sold. It alleged that Neumark, the plaintiff in the replevin suit, by the procurement of the defendant here, gave an undertaking and maliciously replevined the merchandise; that the goods were taken by the sheriff and as the plaintiff is informed were delivered to the defendant here. It is charged that the action to recover the property and the requisition issued by the sheriff "were unlawfully and maliciously begun and issued" by the defendant; that the assignment of the alleged cause of action was made without warrant of law and maliciously, without the existence of a cause of action and for no purpose other than to carry into effect the defendant's threat and to ruin and injure the plaintiff, and was so used by Neumark the assignee, for the benefit of the defendant. The plaintiff alleges that the property taken from her is worth $128.04; that by reason of the unlawful issuance of the requisition, the taking of the goods, the assignment and the

institution of the action, the plaintiff's business was ruined, she was compelled to cancel orders, suffer a financial loss and injury to her trade and social status, in all to her damage $2,500 for which she demands judgment.

The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action. The defendant insists that, in the absence of some allegation that the litigation instituted by Neumark has terminated, this action is not maintainable for malicious prosecution and that it cannot be maintained as an abuse of process because it is not charged that any proceedings were taken under the writ of replevin which were not authorized by the Code of Civil Procedure.

I think the defendant's contention is good. The Code of Civil Procedure provides a method by which the plaintiff here might test Neumark's right to replevy the property in question; in that action she may obtain a return of the goods and recover damages for the wrongful taking. (Code Civ. Proc. § 1730.) That action for aught that appears on the face of this complaint is still undetermined or the court may have there tried the question of title and determined the same adversely to the plaintiff here. Such a determination would appear to be a defense in this action. (*Dishaw* v. *Wadleigh*, 15 App. Div. 205; *Foy* v. *Barry*, 87 id. 291.) In cases where wrong is committed in executing legal process, allegations that the proceedings have terminated may be unnecessary to maintain an action to recover damages for abuse of process, but where, as in this case, it is charged that the wrong consisted in beginning the action, I think it is necessary to show its termination or allege some fact showing that the party aggrieved was in some way deprived of her right to assert her defense to that action.

The demurrer is sustained with leave to plaintiff to amend on payment of costs.