Mary McMullen, Plaintiff, v. Michigan Home Furnishing Corporation, Defendant.

City Court of New York, Bronx County, June 19, 1928.

Process — malicious abuse — sufficiency of complaint — plaintiff alleges that she was sued on same claim after judgment in prior action was granted in her favor — complaint alleges that defendant's attorney in second action told her that mistake had been made and that no judgment would be taken — further allegation that thereafter judgment was entered by default and execution issued — complaint is sufficient.

The complaint in this action for malicious abuse of process states facts which constitute a good cause of action.   It appears that the complaint alleges that the defendant herein sued the plaintiff and judgment was entered in favor of the plaintiff herein; that thereafter the defendant again brought suit on the same claim and that when the plaintiff herein appeared for trial she was told that a mistake had been made and that the case would be dismissed.   It is also alleged that thereafter the defendant herein entered judgment by default in that action which foreclosed a lien on chattels and had an execution issued and a levy made and the chattels removed from plaintiff's residence during her absence.

Motion to dismiss the complaint.

*Karelsen & Karelsen,* for the motion.

*Meyer Alterman,* opposed.

Donnelly, J.   Motion to dismiss the complaint upon the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.

The gravamen of the complaint is not, as the defendant contends, that the judgment was wrongfully entered, but that through the gross fraud perpetrated upon the plaintiff she was deprived of her right to interpose her defense.   The plaintiff alleges, in substance, that in September, 1925, the defendant sued the plaintiff in the Municipal Court of the city of New York to foreclose a lien on certain chattels, upon which it was claimed the plaintiff owed a balance of thirty-one dollars and ninety-five cents; that plaintiff appeared in said action and interposed a denial to the summons;

that upon the trial of the issues therein the plaintiff produced a payment book, wherein the defendant had entered payments made by plaintiff, showing that the total amount of the claim had been paid, and that judgment was duly filed and entered therein in favor of the plaintiff, dismissing the complaint on the merits; that thereafter, and in November, 1925, and notwithstanding said adjudication, the defendant began a second action against plaintiff in the same court to recover the same amount, on the identical claim on which the defendant had previously sued; that plaintiff duly appeared in the second action, interposing a general denial and a defense of former adjudication; that on the day the cause came on for trial plaintiff appeared to try the issues, and in the courtroom she was informed by defendant's attorney that a mistake had been made in suing the plaintiff the second time, that said action would be discontinued, and that plaintiff did not have to wait in court, but that she could go home, which plaintiff did. Then follow a series of allegations setting forth the entry of judgment by default against plaintiff, foreclosing the lien on the chattels for the amount of thirty-one dollars and ninety-five cents, the issuance of execution against plaintiff, a levy by the marshal thereunder, and the removal of the chattels from plaintiff's home during her absence.

If legal process is used for a purpose not justified by law, this is an abuse for which an action will lie, and the action may be maintained without alleging or proving that the process improperly employed is at an end. (*Dishaw* v. *Wadleigh*, 15 App. Div. 205.) Malicious abuse of process is distinguished from malicious prosecution in at least two respects: *First*, in that want of probable cause is not an essential allegation; and, *second*, it is not essential that the original proceedings should have been terminated. (*Paul* v. *Fargo*, 84 App. Div. 9, 15.) In *Risser* v. *Liberman Bros.* (102 App. Div. 482, 484) the court said: "In cases where wrong is committed in executing legal process, allegations that the proceedings have terminated may be unnecessary to maintain an action to recover damages for abuse of process, but where, as in this case, it is charged that the wrong consisted in beginning the action, I think it is necessary to show its termination *or allege some fact showing that the party aggrieved was in some way deprived of her right to assert her defense to that action.*" (Italics mine.)

In the instant case the plaintiff has clearly brought herself within this rule.

Motion denied, with ten dollars costs, the defendant to have five days after service of a copy of this order to serve its answer. Order filed.