SPENCER KELLOGG et al., Respondents, v. GEORGE F. SOWERBY, as President of the WESTERN ELEVATING ASSOCIATION, et al., Appellants.

1. CONSPIRACY — PENAL CODE, SECTION 168, SUBDIVISION 6 — CIVIL ACTION FOR DAMAGES CAUSED BY CONSPIRACY IN RESTRAINT OF TRADE. As it is a misdemeanor under the Penal Code (§ 168, subd. 6) for two or more persons to conspire to commit any act injurious to trade and commerce, a civil action is maintainable by any one who suffers injury as the result of a conspiracy forbidden by the statute, to recover the damages which he has sustained at the hands of the parties to the combination;

but to render the defendants liable as for a conspiracy it must be shown that they must have contemplated discriminating against the plaintiff when they entered into the contract or arrangement complained of as a conspiracy.

2. SAME — ERRONEOUS EXCLUSION OF EVIDENCE IN ACTION TO RECOVER DAMAGES CAUSED BY ALLEGED CONSPIRACY — RELEVANCY OF EVIDENCE TENDING TO SHOW THAT PARTIES DID NOT INTEND TO INJURE COMPLAINANT.    Where, upon the trial of an action brought by the owners and operators of a grain elevator at the port of Buffalo against an association of elevator owners and a number of railroad companies to recover damages alleged to have been caused by an alleged conspiracy between the defendants to prevent the plaintiffs from competing with other owners of grain elevators in the business of elevating grain at said port, the trial court excluded evidence, offered by the railroad companies, that the contracts between the association and the companies were executed by the officers of the companies in the belief that the plaintiffs would come into the association and take their share of the business, and, therefore, would not be prejudiced by the contracts, the exclusion of such evidence is erroneous, since there could have been no conspiracy to injure the plaintiffs if the officers of the railroad companies, when they entered into the contracts, acted under the belief that the plaintiffs themselves would be members of the elevator owners' association, and hence evidence of such belief was relevant and material upon the issue of a conspiracy.

3. SAME — WHEN GOOD MOTIVES ON THE PART OF THOSE ENTERING INTO CONTRACT IN RESTRAINT OF TRADE DO NOT RENDER COMBINATION LAWFUL.    It is not intended to decide, however, that good motives on the part of those who enter into a combination in restraint of trade save it from the condemnation of the law of this state.    The fact that the parties to an agreement of such a character may have honestly believed that it would be beneficial instead of injurious to commerce does not render it legal.    It is illegal if it is designed to prevent competition and will have that effect whatever the intent of the parties.    Where, on the other hand, the parties act in the honest belief that a third party is to join in the agreement, that fact tends to disprove any intent to injure him, whatever may be said of the agreement as to others.

*Kellogg* v. *Sowerby*, 114 App. Div. 916, reversed.

(Argued October 28, 1907; decided December 20, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 20, 1906, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Spencer Clinton* for Western Elevating Association, appellant. The agreement set forth in the complaint was not unlawful and did not establish a conspiracy. (*Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382; *Park & Sons Co.* v. *N. D. Assn.*, 175 N. Y. 1; *A., T. & S. R. R.* v. *D. & N. R. R*, 110 U. S. 680; *P. & A. C. R. R. Co.* v. *A., T. & S. R. R. Co.*, 73 Fed. Rep. 439.)

*Adelbert Moot* for Erie Railroad Company, appellant. There was no conspiracy to injure plaintiff. (*People* v. *Walsh*, 117 N. Y. 34; *Budd* v. *N. Y.*, 143 U. S. 517.)

*James McCormick Mitchell* for Lehigh Valley Railroad Company, appellant. The court erred in refusing to permit defendants to prove that their purpose was not to harm the plaintiffs, but was to establish and maintain reasonable, uniform and public rates for elevator service at the port of Buffalo; to place all the facilities of the port at the disposal of the trade; to insure prompt transfer of grain cargoes and prevent secret rebates, congestion of traffic, delays in transit and demurrage charges, to the defendants' own injury and to the public detriment through an inevitable diversion of trade to other routes to the seaboard. (Noyes on Intercorporate Relations, § 327.)

*Charles A. Pooley* for New York Central and Hudson River Railroad Company, appellant.

*Louis L. Babcock* for Delaware, Lackawanna and Western Railroad Company et al., appellants.

*George L. Lewis* for respondents. The contract entered into by the Western Elevating Association with the railroads was an illegal contract. (*Vincent* v. *C. & A. R. R. Co.*, 49 Ill. 33; *C. & N. W. Ry. Co.* v. *People*, 56 Ill. 365; *Coe* v.

*L. & N. Ry. Co.*, 3 Fed. Rep. 775; *C. G. L. Co.* v. *P. G. L. Co.*, 121 Ill. 530.)

· WILLARD BARTLETT, J.  It is a misdemeanor under the law of this state for two or more persons to conspire to commit any act injurious to trade or commerce.  (Penal Code, § 168, subd. 6.)  The prevention of competition in business is an act injurious to trade in contemplation of law.  (*People* v. *Sheldon*, 139 N. Y. 251.)  In the case cited it was held that if the purpose of the agreement there under consideration was to prevent competition in the price of coal between the retail dealers in that commodity it was illegal and justified the conviction of the defendants under our conspiracy statute.

A civil action is maintainable by one who suffers injury as the result of a conspiracy forbidden by the criminal law, to recover the damages which he has sustained at the hands of the parties to the combination.

The present suit is of that character.  It is based upon an alleged conspiracy to prevent the plaintiffs from competing with other owners of grain elevators in the business of elevating grain at the port of Buffalo.

The character of the combination, its object, and the means adopted for carrying its purpose into effect are fully set forth in the opinion written at the Appellate Division reversing a judgment of nonsuit.  (*Kellogg* v. *Sowerby*, 93 App. Div. 124.)

It is not necessary to restate the facts here.  The Appellate Division reached the conclusion that " the acts of the defendant companies in refusing to handle grain from the Kellogg elevator upon the same terms that they handled grain from the other elevators were unlawful, and such refusal being the natural result, and that contemplated by the defendant association when it entered into the contracts referred to with said companies, the defendant association became a party to such unlawful acts, and equally liable with the other defendants therefor."

This statement involves the proposition, which we deem to

be correct, that in order to render the defendants liable as for a conspiracy they must have contemplated discriminating against the plaintiffs when they entered into the agreements in question.

Upon the trial which now comes up for review, however, they endeavored to prove that no such discrimination was in contemplation, but were not permitted to introduce evidence tending to establish that fact. When Mr. Nathan Guilford, the traffic manager of the New York Central lines, was on the stand, the defendants offered to prove by him that the contracts were executed on the part of the railroad companies by their respective officers in the belief that Mr. Kellogg would come into the association and take his share, and, therefore, would not be prejudiced. Counsel for the plaintiffs objected to the proposed proof; the objection was sustained, and the defendants excepted. The defendants offered to make similar proof by the traffic managers of the Delaware, Lackawanna and Western railroad, the Lehigh Valley railroad and the Erie railroad; and there was a like objection, ruling and exception in each instance.

We think it was error to exclude the evidence which the defendants thus sought to introduce. The gist of the action is the alleged conspiracy in restraint of trade. But there could have been no conspiracy to injure the plaintiffs involved in making the contracts between the Western Elevating Association and the respective railroad companies which are defendants here if the parties to those contracts, when entering into them, acted under the belief that the plaintiffs themselves would become members of the association. The subsequent discrimination by the railroad corporations against the plaintiffs in the rate charged in shipments from their elevator may have given the plaintiffs just cause of complaint and a good cause of action against those defendants; but it did not give them a cause of action for conspiracy unless the railroad companies intended to discriminate against them when those companies entered into the contracts with the Western Elevating Association. Evidence of a belief on the part of

their representatives, who signed or authorized the contracts, that a condition of things existed which would prevent them from doing any possible injury to the plaintiffs was certainly relevant and material on the issue of a conspiracy; and being so, it ought to have been received.

The error committed in the exclusion of this evidence requires a reversal of the judgment. In order to guard against any possible misapprehension, however, on another trial, it is proper to say that we do not think that good motives on the part of those who enter into a combination in restraint of trade save it from the condemnation of the law of this state. (*People* v. *Sheldon*, *supra*.) The fact that the parties to an agreement of such a character may have honestly believed that it would be beneficial instead of injurious to commerce does not render it legal. The law denounces it if it is designed to prevent competition and will have that effect whatever the intent of the parties. Where, on the other hand, the parties act in the honest belief that a third party is to join in the agreement, that fact tends to disprove any intent to injure *him*, whatever may be said of the agreement as to others.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, WERNER and CHASE, JJ., concur; VANN, J., absent.

Judgment reversed, etc.