SAMUEL LOBEL, Plaintiff, *v.* TRADE BANK OF NEW YORK and
Others, Defendants.

City Court of New York, Special Term, New York County, April 12, 1928.

**Process — abuse of process — complaint does not state cause of action —
malicious prosecution — complaint does not state cause of action —
conspiracy — no cause of action stated.**

The complaint alleges that the plaintiff and one of the individual defendants entered
into an agreement to indorse notes of a corporation to be organized; that notes
were indorsed by them and discounted at the defendant bank; that, notwith-
standing money was available to pay the notes, an action was begun against
the plaintiff as indorser which was subsequently discontinued; that said action
was instituted for the purpose of enabling the individual defendant, with whom
plaintiff made the alleged agreement, to collect an alleged bill against the plain-
tiff; and that in said action the plaintiff expended money for counsel fees which
he now seeks to recover.

The complaint does not state a cause of action for abuse of process, because there
is no allegation that there was improper use of process after it was issued, and
the mere fact that the defendants may have intended to compel the plaintiff
to pay his share of the notes for which he was not liable, does not constitute
abuse of process.

The complaint does not state a cause of action for malicious prosecution since
there is no allegation of interference with the person or property of the defendant.

The complaint does not state a cause of action for conspiracy, since there are no
allegations that in the prior action there were any false allegations knowingly
made nor that the defendants conspired to misstate the facts or to resort to
perjury or to misrepresent anything to the court. An action for conspiracy
lies only for injury resulting from conspiracy forbidden by the criminal law.

MOTION to dismiss the amended complaint, on the ground that
it does not state facts sufficient to constitute a cause of action.

*Henry Fluegelman,* for the plaintiff.

*Solon B. Lilienstern,* for the defendant Trade Bank of New York.

*Henry Unger,* for the defendant Herbert Mandelbaum.

RYAN, J. This is a motion made by the defendants to dismiss
the amended complaint, on the ground that it appears on the face
thereof that it does not state facts sufficient to constitute a cause
of action.

Plaintiff brings this action against the defendant Trade Bank
of New York, Karl Schenk, its president, Henry Schenk, its vice-
president, and the defendant Herbert Mandelbaum, demanding
the sum of $1,500 as damages suffered; that being the reasonable
amount of the counsel fees incurred by him in defense of an action
brought against him in the Supreme Court, New York county,
by the defendant Trade Bank of New York. The amended com-
plaint, the pleading here attacked, alleges that the plaintiff and

defendant Herbert Mandelbaum entered into a certain agreement whereby the plaintiff was employed by a corporation to be known as the Lobel-Mandelbaum, Inc., and was to purchase certain of its stock, and that both the plaintiff and the defendant Herbert Mandelbaum agreed to become accommodation indorsers upon the commercial papers of said corporation for the purpose of obtaining credit from banks; that plaintiff and said defendant Herbert Mandelbaum did become accommodation indorsers upon notes discounted by the defendant Trade Bank of New York for said corporation, Lobel-Mandelbaum, Inc. The amended complaint further states that the plaintiff and the defendant Herbert Mandelbaum became indorsers on two notes made by said corporation for the sum of $5,000 each; that said two notes were discounted by said corporation with the defendant bank, and that the said corporation received the money therefor; that about the time that said two notes became due the defendants entered into a fraudulent and malicious conspiracy whereby the defendant Herbert Mandelbaum, or some other person acting in his behalf, indemnified the defendant bank against any loss on said two notes, or paid the full amount thereof to said bank; that defendants willfully and maliciously agreed to conceal the fact that the Trade Bank of New York had received sufficient sums of money to pay the notes, or had been indemnified; and that the defendants willfully and maliciously and without probable cause agreed to and did cause an action to be commenced in the Supreme Court of New York county against the plaintiff and others on said two notes, it being secretly and unlawfully agreed that any sums collected from plaintiff should be paid over to the defendant Mandelbaum, and that said action in the Supreme Court should be perverted from its apparent purpose to enforce an alleged liability of plaintiff herein to the defendant bank, and was intended to intimidate and compel this plaintiff against his own free will to make payment to the defendant Mandelbaum of another alleged obligation. It is then further alleged that thereafter this plaintiff was necessarily obliged to engage the services of an attorney for the purpose of defending himself against liability on the aforesaid notes; that thereafter the defendant bank, by reason of certain proceedings had in said action, was compelled to discontinue same, without costs, and delivered a release to the plaintiffs herein of liability, and that by reason thereof said Supreme Court action against this plaintiff " has been finally terminated."

Plaintiff urges that his complaint may be sustained as one alleging a cause of action for abuse of process. In *Assets Collecting Co.* v. *Myers* (167 App. Div. 133, 138) Mr. Justice CLARKE said:

" In Ruling Case Law (volume 1, p. 102) ' abuse of legal process ' is defined as consisting in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is a malicious perversion of a regularly issued process whereby a result not   *   *   * properly attainable under it is secured. The distinctive nature of an action for malicious abuse of process, as compared with an action for malicious prosecution, is that it lies for the improper use of process after it has been issued, not for maliciously causing process to issue." (*Dean* v. *Kochendorfer,* 237 N. Y. 384; *Bianchi* v. *Leon,* 63 Misc. 73; *Doane* v. *Hescock,* 155 N. Y. Supp. 210.)

Process in the Supreme Court action was not abused; it was issued regularly and employed to duly prosecute the action in which it was issued. We are not concerned with any malicious intention that may have caused such process to issue. Plaintiff fails to state a cause of action for abuse of process, as it fails to meet the requirement of the authorities cited.

Nor may the pleading be sustained as one for malicious prosecution, as it is well established that an action for the malicious prosecution of a civil suit will not lie, unless in that suit the person or property of the defendant was interfered with, as by injunction, attachment, arrest, or other provisional remedy. (*Paul* v. *Fargo,* 84 App. Div. 9; *Sachs* v. *Weinstein,* 208 id. 360.) There is no claim in this complaint of interference with person or property within the rule stated. *Weber-Pleuthert Co.* v. *Leventhal* (103 Misc. 80) was a case quite similar to the one under consideration and a like ruling was declared.

The only other theory under which plaintiff urges that his pleading may be upheld is that of conspiracy. In their briefs the defendants stressed the statement made in the opinion in *Von Au* v. *Magenheimer* (126 App. Div. 257, 262): " Where damage results from an act which if done   *   *   * alone would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy."

But this statement should be read with the rule as declared by the Court of Appeals in *Green* v. *Davies* (182 N. Y. 499): " There may be cases where acts committed in pursuance of a *combination* of a number of persons to injure a third person are actionable, while the same acts, if done by a single individual acting without such concert, would not be actionable. Such cases may be termed actions for conspiracy, but where the conspiracy results in the commission of that which would be an actionable tort, whether committed by one or by many, then the cause of action is the tort, not the conspiracy."

An action strictly for conspiracy lies only for injury resulting from a conspiracy forbidden by the criminal law. (*Kellogg* v. *Sowerby*, 190 N. Y. 370.) Section 580 of the Penal Law, in subdivision 3, reads: " Definition and punishment of conspiracy. If two or more persons conspire * * * 3. Falsely to institute or maintain an action or special proceeding * * * each of them is guilty of a misdemeanor."

The complaint does not allege that the defendants conspired to falsely institute and maintain the Supreme Court action, assuming that the institution and maintenance of said action was the overt act required by section 583 of the Penal Law. Nor is there any allegation that in the Supreme Court action there were any false allegations knowingly made; nor that the defendants federated to misstate the facts or to resort to perjury or to misrepresent anything to the court. Commencing a legal action is surely not an unlawful act. It must be done in such way, in order to be declared unlawful, as to justify the court in determining that the defendants conspired thereby to do an act prohibited by the criminal law and one within the inhibition of the statute. (*Cohen* v. *Fisher & Co.*, 135 App. Div. 238.) In the light of compelling authority, the motions made by the several defendants are granted and the amended complaint dismissed.

However, that plaintiff may have another opportunity to fully state his cause, if he have one, I am constrained to allow him to serve a second amended complaint within six days after service of a copy of the order entered herein. Order signed.