BENJAMIN SCHULMAN, Plaintiff, *v.* MODERN INDUSTRIAL BANK, Defendant.

Supreme Court, Special Term, New York County, June 19, 1942.

*Stillerman & Stillerman* [*Lottie L. Stillerman* and *Irving Stillerman* of counsel], for the plaintiff.

*Livingston & Livingston* [*George L. Livingston* and *M. Michael Kleinberg* of counsel], for the defendant.

EDER, J. This is a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. Two causes of action are set forth.

The action is to recover damages for alleged malicious prosecution of the plaintiff in that the defendant instituted two suits against him in the Municipal Court wherein it was sought to hold him liable as comaker upon a promissory note. It is alleged that the actions were utterly groundless; that the defendant caused a summons and complaint to be served upon the plaintiff who thereupon called at the office of the defendant and explained that he was not indebted to the defendant; that the note was not signed by him and that his purported signature thereon was a spurious one; that he disclaimed any liability upon said note or to the defendant; that thereupon the defendant stated to him that the suit was an error; that it would be withdrawn and that plaintiff need not pay any further attention thereto; that in reliance thereon plaintiff took no steps to protect his rights and interests; that thereafter the defendant entered a judgment against plaintiff by default and thereafter caused an execution against the property of plaintiff to be issued to a city marshal who served a notice of levy; that plaintiff thereupon was obliged to engage the services of an attorney to make application to vacate said judgment and default and that same were vacated; that thereafter the defendant herein by an *ex parte* order made on its own application caused the action to be discontinued without awarding costs to the plaintiff. All these steps were taken and acts done, it is averred, wrongfully, maliciously and fraudulently and without probable cause therefor.

There are the further allegations that the defendant lodged with the district attorney a complaint against the plaintiff charging him with violations of law and that in consequence the district

attorney required the appearance of the plaintiff for interrogation; that he was obliged to retain an attorney to protect his interests and paid him for his services; that no indictment, charge or prosecution by the district attorney followed his investigation; that thereafter the defendant commenced another action against the plaintiff upon the identical note, in the said Municipal Court; that he was obliged to retain counsel to defend him and that based upon the defense of *res judicata* an order was made by that court dismissing the complaint against the plaintiff herein who was the defendant in that suit. These acts are charged to have been the result of wrongful and malicious conduct on the part of the defendant.

For a second cause of action the plaintiff reiterates all the allegations of the first cause of action and adds thereto the allegations that he suffered damage to his character and reputation and has been injured in his good name, his business and his credit.

The complaint fails to set forth a cause of action. An unsuccessful civil suit does not give rise to a cause of action for malicious prosecution. It is indispensable that it be alleged and proved, in order to maintain and sustain an action for malicious prosecution arising from such a state of facts, that in consequence of such unfounded civil suits the person or property of the defendant in such action was " interferred with." (*Sachs* v. *Weinstein*, 208 App. Div. 360.) In the absence of such interference with the person or property of the defendant in such suit there is no cause of action for malicious prosecution. (*Black* v. *Judelsohn*, 251 App. Div. 559.) In *Sebring* v. *Van Aken* (235 App. Div. 420) the court said: " An action for malicious prosecution may not be founded on an ordinary civil action unless the liberty or property of the plaintiff was interfered with by some legal process."

There is no allegation in the complaint of such interference unless the issuance of an execution to a city marshal and service of a notice of levy can be so regarded. I do not think it can. The interference referred to must be real and actual and not imaginary; otherwise there is no interference. If there was in fact no levy under the execution the mere mailing of a notice did not create it; if in fact the judgment debtor has no property upon which a levy can be made the mailing of a notice of levy is ineffectual and creates and results in no interference. As I have said there is no allegation in the complaint that plaintiff herein was possessed of any property upon which a levy could be made under an execution; there is no allegation that a levy was actually made; the position of the plaintiff is that there was an interference in theory, for certainly it did not exist in fact. There is, therefore, lacking to

plaintiff's cause of action an indispensable element which is fatal to any right of recovery.

As to the investigation conducted by the district attorney by reason of the defendant's complaint to him no cause of action arises in consequence. An action for malicious prosecution imports that there was a *judicial* proceeding commenced which terminated favorably to the defendant. (*Graves* v. *Rudman*, 235 App. Div. 380. See, also, *Campbell* v. *New York Evening Post*, 245 N. Y. 320, 325; *Barry* v. *Third Ave. R. R. Co.*, 51 App. Div. 385.)

Considered from any angle, the first cause of action is fatally deficient.

As to the second cause of action plaintiff seeks damages for injury to his character and reputation. It is essentially a part of the first cause of action for in an action for malicious prosecution the elements of recoverable damage include damages to reputation, to business and to credit. As said in *Halberstadt* v. *New York Life Ins. Co.* (194 N. Y. 1, 7): " But in an action of the present type [*i. e.*, action for malicious prosecution], the substantial injury for which damages are recovered and which serves as a basis for the action may be that inflicted upon the feelings, reputation and character by a false accusation as well as that caused by arrest and imprisonment. This element ' indeed is in many cases the gravamen of the action.' " (See, also, *Linitzky* v. *Gorman*, 146 N. Y. Supp. 313.)

The relief sought in the second cause of action is but a repetition of the relief which is sought by plaintiff in the first cause of action and elements of damage in the first cause of action, and as that cause of action is not legally maintainable it follows as a necessary corollary and legal sequence that the second cause of action cannot be maintained.

Motion granted and complaint dismissed.