ents.— No opinion.
Present — Martin, P. J., Dore, Cohn and Callahan, JJ.

HELENE WEINSTEIN, Respondent, v. DOMUR REALTY CORPORATION, Appellant.— 

 Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.

CITY OF NEW YORK, Respondent v. THOMAS DARLINGTON et al., as Trustees under a Depository Agreement for FRYSINGER EVANS and Others Similarly Situated, Appellants, et al., Defendants.— 

 No opinion. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.

CITY OF NEW YORK, Appellant, v. THOMAS DARLINGTON et al., as Trustees under a Depository Agreement for FRYSINGER EVANS and Others Similarly Situated, Respondents, et al., Defendants.— 

 No opinion. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ. [177 Misc. 87.]

BENJAMIN SCHULMAN, Appellant, v. MODERN INDUSTRIAL BANK, Respondent.— No opinion. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.; Callahan, J., dissents and votes to reverse the judgment and order and deny the motion on the ground that the allegation that plaintiff "was served with a subpoena requiring his appearance for examination by the District Attorney of Bronx County, at the complaint of defendant herein," coupled with the other allegations, set forth an interference with plaintiff's person. The complaint is, therefore, sufficient. [178 Misc. 847.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARIZONA COFFMAN and JIMMIE MORDECAI, Appellants.— No opinion. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.

HAZEL M. KORY, Respondent, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant. CLARA B. PARODNECK et al., Respondents, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant. DAVID M. SHAREFKIN et al., Respondents, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant. BENJAMIN BRICKMAN et al., Respondents, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.— 

 No. opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Callahan, JJ.; Martin, P. J., and Callahan, J., dissent and vote to reverse and grant judgment for defendant, on the ground that there was no schedule applicable to Brooklyn College on March 5, 1931; therefore section 889 of the Education Law contains no restriction against the condition which the Board of Higher Education attempted to impose.

FRANC N. WAY, Respondent, v. BROADWAY SIGHTSEEING, INC., Appellant, et al., Defendants.— No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Callahan, JJ.

HELEN J. KASS et al., Individually and as Stockholders of PARK AVENUE IMPROVEMENT CO., INC., et al., Appellants, v. PARK AVENUE IMPROVEMENT CO., INC., et al., Respondents.—