MORRIS MEISELS et al., Plaintiffs, *v.* J. C. A. TRADING CORP., Defendant.

Supreme Court, Special Term, New York County, January 23, 1947.

*Richard H. McCann* and *Herbert J. Seakwood* for defendant.

*Charles J. Herson* for plaintiffs.

STEUER, J. The complaint alleges that the plaintiffs were originally tenants of the defendant pursuant to a written lease. Upon the expiration of the lease the plaintiffs became statutory tenants by virtue of the Emergency Rent Laws. That a summary proceeding to evict plaintiffs was instituted by defendant resulting in a final order in favor of the tenants in February, 1946. That in June, 1946, a second proceeding was instituted. It is alleged that this was done "maliciously, recklessly, wantonly and without probable cause". This proceeding resulted in a final order in favor of plaintiffs here, defendants in that proceeding. It is alleged that plaintiffs were put to expense for counsel and that they were injured in their persons, feelings, reputation and business.

The elements of an action for malicious prosecution are the institution of a baseless action against plaintiff; a determination in favor of the plaintiff; an interference with the person or property of the plaintiff in the course of the action. The latter requirement refers to seizure through arrest, attachment or some similar process (*Paul* v. *Fargo,* 84 App. Div. 9; *Sachs* v. *Weinstein,* 208 App. Div. 360; *Schulman* v. *Modern Industrial Bank,* 178 Misc. 847). Plaintiff herein recognizes that this is the law but claims that the steps taken in the proceedings set forth in the complaint, namely the service of a thirty-day notice to vacate and the request for a final order, constitute an interference with property. It is difficult to see how they do. The tenancy was not interrupted. They remained at all times in possession. The situation was no different than if this had been a suit for rent.

It has been repeatedly held than an action styled one for malicious prosecution should not be defeated if it is in fact one for malicious abuse of process and presents the elements necessary for recovery in such a case (*Hauser* v. *Bartow*, 273 N. Y. 370). The complaint has been examined with this in mind. The elements of such an action are the issuance of process and its use for an improper purpose (*Dean* v. *Kochendorfer*, 237 N. Y. 384). Assuming that the thirty-day notice is a process the question is whether it was improperly used. An improper use is one for an objective outside the scope of the operation employed (Harper on Law of Torts, § 272, cited with approval in *Hauser* v. *Bartow, supra,* p. 374). Motives are not important. " If he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of the process." (*Hauser* v. *Bartow, supra*, p. 374). Here the purpose of the notice is to get the tenant to vacate. There is no claim that any other purpose animated the defendant. The motion is granted.