EDWARD TRICOMI, Plaintiff, *v.* CATHERINE TRICOMI et al., Defendants.

Supreme Court, Special Term, Queens County, June 22, 1948.

*Gilbert V. Becker,* defendant in person.

*Frank W. Jackson* for plaintiff.

DALY, J. Motion by the defendant Becker for judgment on the pleadings, dismissing the plaintiff's complaint, granted.

No cause of action for abuse of process has been stated in the complaint against the moving defendant, who is an attorney and counselor at law and represented the defendant Catherine Tricomi in two of the civil actions referred to in the complaint, the last of which is still pending. Aside from the fact that none of the four actions set forth in the complaint resulted in determinations in favor of the plaintiff, inasmuch as three of them were discontinued and the last is still pending (*Meisels* v. *J. C. A. Trading Corp.,* 189 Misc. 46, affd. 272 App. Div. 764), there are no facts stated in the complaint which would show that the attorney was himself the active and procuring cause of the civil actions which his client instituted against the plaintiff. Moreover, there are no allegations that the plaintiff's person or property were interfered with.

The gist of an action for abuse of process is the improper use of process after it has been issued; in other words, that a regularly issued process was perverted to the accomplishment of an improper purpose. (*Dean* v. *Kochendorfer,* 237 N. Y. 384.) " The distinctive nature of an action for malicious abuse of process, as compared with an action for malicious prosecution, is that it lies for the improper use of process after it has been issued, not for maliciously causing process to issue." (*Silverman* v. *Ufa Eastern Division Distr., Inc.,* 135 Misc. 814, 816; *Leif* v. *Jacobs,* 61 N. Y. S. 2d 207, 208.) In the case at bar the movant is not charged with abuse of process after it has been issued. He is charged with instituting an action in behalf of his client, notwithstanding that a prior action had been settled. That is not abuse of process, although it may be a defense to the action which the movant's client has instituted against the plaintiff. Submit order.