HELEN E. SERXNER et al., Plaintiffs, *v.* NELSON ELGART, Defendant.

Supreme Court, Special Term, Kings County, December 20, 1949.

1054

*Maurice Shure* for plaintiffs.

*Maurice R. Whitebook* for defendant.

LIVINGSTON, J. In an action to enjoin the defendant from committing certain acts of trespass and for damages as a result thereof, plaintiff moves for an order pursuant to rule 109 of the Rules of Civil Practice striking out the two separate defenses and counterclaims interposed by the defendant on the grounds that they do not state facts sufficient to constitute a cause of action and are barred by reason of *res judicata* and lack of jurisdiction of the subject matter by the court.

An examination of the defenses and counterclaims indicates the following: The defendant, in substance, alleges in the first

defense and counterclaim that the plaintiff, after becoming the owner of the subject premises, embarked upon a course of conduct designed to compel the defendant to abandon and give up his apartment by harassment and the institution of proceedings against the defendant before the temporary city housing rent commission, maliciously, without probable cause and knowing full well that no ground for eviction existed and that such proceedings constituted a malicious use and abuse of process. In the second defense and counterclaim the defendant alleges that since the purchase of the premises by the plaintiffs they have deliberately, willfully and maliciously curtailed and diminished the services and the use of the facilities in said premises to which the defendant is entitled and that such diminution of services constituted a violation of the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) and the regulations promulgated thereunder, particularly section 825.2 (Code of Fed. Reg. [1949 ed.], tit. 24, § 825.2). That as a result of such violation the defendant is entitled to recover an excess rent.

I do not think that the facts set forth in the first affirmative defense and counterclaim are legally sufficient. To support an action for malicious use of process or malicious prosecution it must appear that in consequence of the unfounded civil suits or proceedings before an administrative body the *person or property of the aggrieved individual* was interfered with (*Sachs* v. *Weinstein,* 208 App. Div. 360). In the absence of such interference no cause of action for the foregoing tort is stated (*Black* v. *Judelsohn,* 251 App. Div. 559; *Sebring* v. *Van Aken,* 235 App. Div. 420). The rule with respect to such actions is succinctly set forth in *Sachs* v. *Weinstein* (*supra*) where the court held (p. 365): " I think, however, that in this State the weight of authority at the present time is to the effect that in an ordinary civil action where the person or property of a defendant is not interfered with, as by injunction, attachment, arrest or some other provisional remedy, the defendant, although successful is not entitled to maintain an action for malicious prosecution against the plaintiff, notwithstanding such action may have been prosecuted without probable cause and maliciously, and resulted in damage to the defendant in excess of the costs recovered by him." (See, also, *Paul* v. *Fargo,* 84 App. Div. 9.)

Nor does the defense set forth a cause of action for malicious abuse of process. The gist for such an action lies in the improper use of process after it is issued. It must be shown that regularly issued process was perverted to the accomplish-

ment of an improper purpose (*Hauser* v. *Bartow,* 273 N. Y. 370, 373; *Dean* v. *Kochendorfer,* 237 N. Y. 384, 390; *Assets Collecting Co.* v. *Myers,* 167 App. Div. 133, 138). The proper use of legal process, even from a bad motive and to satisfy malice, is not actionable. Nowhere in the counterclaim are facts alleged to come within the rulings laid down by the authorities.

The defendant fails to set forth a cause of action in his second defense and counterclaim. The defendant, in substance, is asking the court to determine the value of the services curtailed, diminished or eliminated and award him damages in the amount of three times the difference between the rent actually registered and paid and the proposed reduced rent to be found by the court.

Section 825.2 of the rent regulations issued under the Housing and Rent Act of 1947, as amended, reads as follows: " no person shall offer, demand or receive any rent for or in connection with the use or occupancy * * * of any housing accommodations * * * higher than the maximum rents provided by [this regulation]. A reduction in the services * * * shall constitute an acceptance of rent higher than the maximum rent ".

Subdivision (a) of section 825.4 of the same regulations further provides that existing maximum rents for controlled housing accommodations shall continue in effect " unless and until changed by the expediter as provided in § 825.5."

Paragraph (3) of subdivision (b) of section 825.5 provides that where a landlord decreases the services to be provided and fails to file a petition for such decrease in services, the rent collected is to be received subject to a refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order decreasing the previous rent on account of such decrease in services and that such an amount is to be refunded within thirty days after the date of issuance of the order.

Paragraph (3) of subdivision (c) of section 825.5 provides that the expediter at any time, on his own initiative or on applications of the tenant, may order a decrease of the maximum rent where there is a decrease in the services. It is thus apparent that the rent regulations prescribe a definite procedure to be followed with respect to adjustments in maximum rents and empowers the expediter to decrease such rents for a diminution of services. There are no provisions in the regulations or elsewhere which give the court the authority to determine maximum rents or the value of diminished services. These

matters are within the exclusive jurisdiction of the Expediter (*Stott* v. *Croydon Syndicate, Inc.*, 81 N. Y. S. 2d 492; *Penner* v. *Geller*, 193 Misc. 821; *Weissfeld* v. *Summers*, 196 Misc. 450). Whatever rights the defendant has as a tenant flow from the Federal Housing and Rent Act and the regulations promulgated thereunder, and a tenant must, under the circumstances, proceed before the Housing Expediter to have a proper rental fixed.

Though the defendant relies heavily upon the case of *Robb* v. *Cinema Francais* (194 Misc. 987), I am inclined to follow the reasoning enunciated in the case of *Penner* v. *Geller* (*supra*), and *Rogol* v. *H. R. B. Realty Corp.* (N. Y. L. J., Dec. 2, 1949, p. 1480, col. 2).

Accordingly, the plaintiffs' motion is granted. Settle order.