H. Boyce LUCKETT, Plaintiff,

v.

Manuel COHEN, Defendant.

United States District Court
S. D. New York.
Oct. 10, 1956.

See also 145 F.Supp. 155.

Kalman I. Nulman, New York City, for plaintiff.

Schwartz, Nathanson & Cohen, New York City, for defendant George H. Schwartz and Paul E. Gelbard, New York City, of counsel.

RYAN, District Judge.

Plaintiff suing as assignee on a promissory note made by defendant moves to dismiss the first and second counterclaims pleaded in the answer on the ground that they are insufficient in law.

■ Jurisdiction is predicated on diversity; the sufficiency of the claims is to be tested by New York law. The note sued upon is alleged to have been executed and delivered in Mexico. There has been no arrest of the person of defendant or seizure or similar process with respect to his property. The second counterclaim which pleads a transaction had with plaintiff's assignor may be asserted only by way of off-set and is to be so denominated in an amended answer to be served.

■ The first counterclaim alleges that plaintiff and his assignor conspired to defraud defendant by bringing the instant suit well knowing that the note sued upon had been paid, and that as a result of such conspiracy "defendant has been damaged to the extent of the costs, expenses and legal fees entailed in the defense of this action, amounting to $3,000 and will be damaged to the extent of any recovery had upon the alleged note sued upon herein," to wit in the amount of $12,789.78.

■ No injury to or interference with defendant's business is alleged and the claim therefore may not be sustained on the authority of J. J. Theatres, Inc. v. V. R. O. K. Co., Sup., 96 N.Y.S.2d 271; Munson Line v. Green, D.C., 6 F.R.D. 14, (appeal dismissed 2 Cir., 165 F.2d 321); Kellogg v. Sowerby, 190 N.Y. 370, 83 N.E. 47. The only injury complained of by defendant is the expense of defending the suit—the item representing the amount of the note which plaintiff might recover is too ridiculous to mention further. It is elementary that in the absence of special statute so providing in American jurisprudence, to which New York is no exception, counsel fees are not recoverable by a successful litigant—the expense of successfully defending or maintaining suit is reimbursable solely by way of taxable costs. Doyle v. Allstate Ins. Co., 1 N.Y.2d 439, 154 N.Y.S.2d 10, 136 N.E.2d 484, July 11, 1956. The time, effort and money expended are "the consequences of every suit." J. J. Theatres, Inc. v. V. R. O. K. Co., supra [96 N.Y.S.2d 273].

■ But obviously what defendant has attemped to do is plead a claim for malicious prosecution—in which case counsel fees might be recoverable as one of the items of damage proximately caused by the filing of an unfounded, baseless and malicious suit. 58 Yale L. J. p. 490, "Counterclaim for Malicious Prosecution in the Action Alleged to be Malicious,"; Sec. 681(c), and comment. Restatement, Torts; Meisels v. J. C. A. Trading Corp., 189 Misc. 46, 69 N.Y.S.2d 720; Lobel v. Trade Bank of New York, 132 Misc. 643, 229 N.Y.S. 778. Whether such fees would be recoverable in the absence of proof of actual damage I do not now determine.

It is an ancient rule of law that the institution of civil proceedings even without reasonable and probable cause and even if malice were proved would not give rise to an actionable wrong for malicious prosecution (Pollock Torts, 12 ed. p. 318, 1923), and this is so even though the action may have resulted in damage to the defendant in excess of the costs recovered by law. Paul v. Fargo, 84 App.Div. 9, 82 N.Y.S. 369; Sachs v. Weinstein, 208 App.Div. 360, 365, 203 N.Y.S. 449; Cohen v. Nathaniel Fisher & Co., 135 App.Div. 238, 120 N.Y.S. 546. An exception to this rule has been made however where in the main action there has been such interference with the person or property of the defendant—arrest, attachment or some similar process—as to cause him special damage over and above that incurred in defending. Cooley on Torts; Willard v. Holmes, 142 N.Y. 492, 37 N.E. 480; Schulman v. Modern Inds. Bank, 266 App.Div. 833, 43 N.Y.S.2d 509; Serxner v. Elgart, 196 Misc. 1053, 94 N.Y.S.2d 731. It is a logical and necessary corollary to this exception to the rule that the prior suit have terminated in favor of the defendant—the plaintiff in the subsequent suit. Munson Line v. Green, supra; Meisels v. J. C. A. Trading Corp., supra; Halberstadt v. New York Life Ins. Co., 194 N.Y. 1, 86 N.E. 801, 21 L.R.A.,N.S., 293.

It would seem therefore that a claim for malicious prosecution may only be asserted in an independent "retaliatory" suit. Prosser on Torts, 2d ed. p. 665, 58 Yale L.J., supra.

I have found but one instance in which a New York court permitted a counterclaim for malicious prosecution, recognizing, however, that there was some question as to the existence of a cause of action at that time in favor of the defendant and that the trial and determination of the claim would have to await the conclusion of the main action and might warrant a separate trial and different mode of trial. Herendeen v. Ley Realty Co., Sup., 75 N.Y.S.2d 836 (Oct.1947, Walter, J.). But see Friedman v. Roseth Corp., 190 Misc. 742, 74 N.Y.S.2d 733, where one month prior Judge Lumbard held to the contrary on authority of Hauser v. Bartow, 1937, 273 N.Y. 370, 7 N.E.2d 268. In Serxner v. Elgart, supra, 1949, the question does not appear to have been raised, the counterclaim having been dismissed for other reasons. In two subsequent cases —Mayflower Industries v. Thor, 1951, 15 N.J.Super. 139, 83 A.2d 246 and Alexander v. Petty, Del.Ch.1954, 108 A. 2d 575—the Court expressly refused to follow the holding of the Herendeen case; and the reasoning therein has been criticised in 58 Yale L.J., supra. It is not necessary to resolve this apparent conflict in the state court—assuming I had the power so to do—because I find that the counterclaim must be dismissed for a reason other than prematurity.

Even in Herendeen v. Ley, supra, it appears that the defendant's property had been interfered with by plaintiff in the action causing the filing of a lis pendens on the property with resultant damage to defendant. But, it is argued by defendant here that even though that element is absent from this case, the allegation of conspiracy is sufficient to support the claim. Although his pleading relies on no statute defendant in his brief invokes the provisions of Sec. 580(3) of the New York Penal Law, McKinney's Consol.Laws, c. 40, making it a misdemeanor to conspire to falsely institute an action. I have found no authority to the effect that a civil action otherwise not maintainable under established principles of law may lie if predicated on this criminal statute. On the contrary this federal court in Munson Line v. Green, supra, after an exhaustive research of the New York cases on the subject of malicious prosecution concluded that in the absence of an interference with person or property such a claim under this penal provision may not be asserted. The reasoning is not only persuasive, it is irrefutable. Four years later, the New York Supreme Court in J. J. Theatres, Inc. v. V. R. O. K. Co., supra, 1950, came to a like conclusion and as in Munson dismissed the claim predicated on Sec. 580, also specifically hold-

ing that counsel fees are not recover-able. It is of note that in both cases de-fendants respectively had been the suc-cessful party in a number of suits brought against them by the same plain-tiff and yet the statute was of no avail. The cases cited by defendant do not sup-port his position—in Green v. Davies, 182 N.Y. 499, 75 N.E. 536, the defend-ant had been arrested in the prior suit; in Boylan v. Vogel, 240 App.Div. 756, 265 N.Y.S. 990, the defendant's suit was dismissed because the prior action had terminated adversely to him; in Kellogg v. Sowerby, supra, the plaintiff's damage to his business was the result of a total-ly different criminal conspiracy and in Lobel v. Trade Bank, supra [132 Misc. 643, 229 N.Y.S. 782], the complaint was dismissed because the conspiracy alleged no act forbidden by the criminal law but only the commencement of a legal action—"surely not an unlawful act." See also, Cohen v. Nathaniel Fisher & Co., supra. I might mention that in every case discussed here the damages sought in the counterclaim or complaint were over and above the costs of de-fending the suit.

The first counterclaim fails to plead an actionable wrong and must be dis-missed; let defendant file an amended answer pleading the second counterclaim by way of off-set. Motion granted to this extent.