Emilio Nunez, J.
Motion to dismiss the complaint as legally insufficient is granted. The complaint purportedly alleges a cause of action for “ malicious abuse of process ” based upon defendants’ repeated assertion of defenses in eight actions commenced by plaintiff to recover sums found due plaintiff under a separation agreement between her and defendant Rappaport. Defendant Smith, defendant Rappaport’s attorney, is joined on the ground that he advised and represented his codefendant in those eight actions, all of which were decided in plaintiff’s favor on motions for summary judgment.
Plaintiff recognizes, impliedly, that she is asserting a cause which does not lie within any of the traditional forms. “ To support an action for malicious use of process or malicious prosecution it must appear that in consequence of the unfounded civil suits * * * the person or property of the aggrieved individual was interfered with (Sachs v. Weinstein, 208 App. Div. 360). In the absence of such interference no cause of action for the foregoing tort is stated [citations]. * * * Nor does the defense set forth a cause of action for malicious abuse of process. The gist for such an action lies in the improper use of process after it is issued. It must be shown that regularly issued process was perverted to the accomplishment of an improper purpose [citations].” (Serxner v. Elgart, 196 Misc. 1053, 1055-1056.) New York has traditionally been counted among those States wherein an action does not lie for the malicious prosecution of an “ordinary” civil suit — such a suit being defined as one that will result in the granting of a money judgment only. (See 1 Harper and James, Law of Torts, § 4.8, n. 7; Schulman v. Modern Ind. Rank, 178 Misc. 847.) Even in those States which follow a more “ liberal ” rule, and allow the action for the prosecution of “ ordinary ” suits, the defendant, in the malicious prosecution action, must have been the moving cause of the other actions (see Huffman v. Meriwether, 201 S. W. 2d 469 [Mo.]; Restatement, Torts, § 674; “ One who initiates or procures the initiation of civil proceedings *525 * * * ”). The danger in extending the traditional definitions of the torts in this area is evident. The courts should not deter the assertion of defenses if there is any basis for believing them valid. The danger of encouraging interminable litigation by such an extension is also clear. The remedy, to prevent the need for commencing a series of suits, is also available and lies in the hands of the capable draftsman. Finally, the true barrier against the institution of groundless actions or the raising of groundless defenses lies in seeking to remedy the inadequacy of costs allowed the successful litigant. (See Closson v. Staples, 42 Vt. 209, 219.) Recently, it has become easier to resolve cases at an earlier stage than heretofore. Therefore, the need for expansion of the definitions of the torts in this area is less pressing. Accordingly, the complaint is dismissed.