■ ANNETTE WOLF, Appellant-Respondent, *v.* LAWRENCE P. WOLF, Respondent-Appellant.— Order, entered July 27, 1965, granting plaintiff-appellant-respondent partial summary judgment on her cause of action for arrears under a separation agreement and denying defendant-respondent-appellant's cross motion to dismiss plaintiff's second cause of action in tort for malicious harassment, unanimously modified, on the law, to grant plaintiff's motion for full summary judgment on the first cause of action, as supplemented to include post-action accruals pursuant to the companion appeal, decided simultaneously herewith, less any payments since made on account thereof and to grant defendant's cross motion to dismiss the second cause of action in tort, with full costs and disbursements to plaintiff in all courts, including $75 costs and disbursements in this court. In a prior similar action, plaintiff wife had established her right under the separation agreement to payments, many of which are precisely of the type defendant husband is again now contesting (20 A D 2d 626). Defendant husband once again claims that a condition provided in the separation agreement and which would result in reducing his obligations, has occurred. But this time he provides even less information, merely a conclusory statement without evidentiary detail. In addition, defendant husband again opposes plaintiff wife's carefully detailed list (almost 10 printed pages long) of expenditures for which defendant is

liable, prima facie, under the agreement as interpreted in the prior action. He makes the statement, quite superciliously and without supporting detail, that he does not know whether the expenses were incurred because the information is in his wife's exclusive possession. Under some circumstances, such a plea could defeat a motion for summary judgment (see CPLR 3212, subd [f]),. But first it must appear "that facts essential to justify opposition may exist but cannot be then stated". No such showing is made here. The husband, it may be inferred from the moving papers, has at least some access to information about the household and its expenditures through the children of the marriage. If so, it was incumbent on him to advance, rather than bald conclusions, some evidentiary basis, however, incomplete, in opposition to his wife's detailed statement of expenditures, either to explain his lack of knowledge or to contradict her assertions (*Kramer* v. *Harris*, 9 A D 2d 282, 283). Plaintiff wife's second cause of action seeks punitive damages. This claim is based on her lawyer husband's continued willful and malicious refusal to make payments due under their separation agreement and his deliberate, repeated interposition of frivolous defenses to her various actions to collect arrears, all done, the wife alleges, for the purpose of wearing her down and capitalizing on his strong financial position and her weak one. The wife's charges, if true (and there is substantial factual support for them in the record and the prior history of proceedings between the parties) enlist one's sympathies. But they fail to make out an actionable injury as a matter of law. This was so held in a closely similar case (*Rappaport* v. *Rappaport*, 44 Misc 2d 523, affd. 24 A D 2d 844, mot. for lv. to app. den., 16 N Y 2d 487). In the *Rappaport* case, also involving a suit by a wife against a recalcitrant, separated spouse, Mr. JUSTICE NUNEZ, at Special Term, dismissed as legally insufficient a complaint for "malicious abuse of process" based upon defendant husband's repeated malicious assertion of frivolous defenses in eight actions commenced and won by the wife to recover sums due under a separation agreement. Special Term commented (p. 525) on "The danger in extending the traditional definitions of the torts in this area", including the possibilities of deterring valid defenses as well as encouraging interminable litigation by giving successful litigants still a further right of action. Indeed, there is a paucity of precedent, if any exist, for plenary remedies for abusive or malicious use of defensive maneuvers in litigation. These views accord with the caution traditionally expressed with respect to any expansion of the tort of malicious prosecution (see Prosser, Law of Torts [3d ed.], § 114; 1 Harper and James, Law of Torts, § 4.8). Settle order on notice. Order, entered June 29, 1965, denying plaintiff appellant's motion for an order incorporating post-action additional arrears, in the amount of $2,362.85, due under a separation agreement, into plaintiff's then pending motion for summary judgment, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the motion is treated as one to serve a supplemental pleading and the motion is granted, with full costs and disbursements in all courts to plaintiff-appellant, including $75 costs and disbursements in this court. By this motion, the plaintiff, in effect, sought to supplement her complaint so that it would include arrears falling due under her separation agreement subsequent to the making of her motion for summary judgment. No prejudice to defendant was shown. Under these circumstances, leave should have been granted almost as of course and denial of the motion was not warranted (see CPLR 3025, subd. [b]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.17). Plaintiff-appellant should serve a proper supplemental pleading for inclusion in the judgment roll (CPLR 5017). Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Stevens and Capozzoli, JJ.